892 So.2d 94 (2004)
Cedric RICHARD, Shiara Richard-Deloach, Derrick Richard, Shinitta Woulard, and Geraldine Rainey
v.
Norman A. RICHARD, Jr., Winston P. Richard, and Greg Champagne, Sheriff and Ex-Officio Tax Collector for the Parish of St. Charles.
No. 04-CA-715.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 2004.
Gregory A. Miller, Norco, LA, for Plaintiff/Appellee.
Milton J. Osborne, Jr., New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and CLARENCE E. McMANUS.
*95 CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
The property in question in this matter is co-owned by Cedric Richard, Shiara Richard Deloach, Derrick Richard, Shinitta Woulard, Geraldine Rainey, Norman A. Richard, Jr., and Devin Richard. These owners received this property by Judgment of Possession on November 9, 1995 in the Succession of Augustine Laurent Richard. In 1996 the taxes on this property were not paid to St. Charles Parish. The only notice of the pending tax sale was a published notice. A tax sale was held on May 28, 1997 by the St. Charles Parish Sheriff. The property was sold to Winston P. Richard.
Thereafter, the plaintiffs, Cedric Richard, Shiara Richard Deloach, Derrick Richard, Shinitta Woulard, and Geraldine Rainey filed a Petition to Annul the Tax Sale. Norman A. Richard, Jr., as the only owner to receive notice, Winston P. Richard, as the buyer of the property at tax sale, and the St. Charles Parish Sheriff, as the conductor of the tax sale, were all named as defendants. The plaintiffs sought to have the tax sale found null and void because they were not adequately notified of the tax sale. They alleged that the tax sale was not advertised and the property was incorrectly or inadequately described. In addition, notice of the delinquency was never served on the plaintiffs. The plaintiffs argued that publication of the notice was insufficient because they were known as co-owners and their addresses were easily found. Additionally, the plaintiffs alleged that the tax deed did not include their names, but only listed "Norman A. Richard, Jr., et al Norman Richard, Jr., Usufruct."
The plaintiffs filed a motion for summary judgment seeking judgment annulling the tax sale. The trial court granted the motion on September 2, 2003 annulling the tax sales and ordering that the deeds be cancelled from the records upon payment of the delinquent taxes, fees and 10% interest on the sale price and taxes from the date paid by Winston Richard. A Motion for Suspensive Appeal was filed by Winston P. Richard on October 3, 2003. The trial court granted the motion on November 4, 2003 and ordered Richard to post security in the amount of Two Hundred Sixty-Five Thousand Dollars ($265,000.00). Richard did not post the required security. Plaintiffs filed a motion to dismiss the suspensive appeal for failure to post the security. Then, on November 10, 2003, Richard filed a Motion for Devolutive Appeal. The trial court granted that motion on November 12, 2003.
On November 13, 2003, the trial court granted a judgment declaring that the funds plaintiff deposited in the registry of the court be deemed payment, that the judgment declaring the tax sale null and void be given effect, and that the tax sales be cancelled from the conveyance records. No motion for appeal of this judgment was filed by the defendant.
On November 21, 2003, the Clerk of Court for St. Charles Parish sent a notice of estimated costs of appeal to Richard by certified mail to his attorney. This notice referenced the November 10, 2003 Motion for Devolutive Appeal filed by Richard. Plaintiffs then filed a motion to dismiss appeal for failure to pay costs. The trial court rendered a judgment on January 14, 2004 granting Richard an additional ten days to pay costs. Richard allegedly mailed costs on January 20, 2004.
Plaintiffs then filed a motion to dismiss the appeal with this Court. Plaintiffs alleged that Richard's suspensive appeal should be dismissed for failure to post bond and the devolutive appeal should be dismissed because the motion for appeal *96 was filed prior to the rendering and signing of the judgment. When the trial court granted summary judgment to plaintiffs, it ordered that the tax sale be annulled upon payment of the delinquent taxes, fees and 10% interest on the sale price and taxes paid. The taxes and fees were then paid and the trial court rendered a judgment annulling the tax sale. The motions for appeal were filed before the trial court rendered the second judgment. The first judgment is arguably not a final judgment because it ordered that the annulment of the tax sale be contingent on the payment of the taxes and fees. The second judgment was a final judgment because it noticed the payment of those fees and ordered the annulment. Therefore, the motion for appeal was filed before the final judgment was rendered by the trial court. On July 16, 2004, the motion to dismiss appeals was referred to the merits of the appeal by this Court.
First, we dismiss the suspensive appeal filed by Richard because he failed to post the security ordered by the trial court. Second, we deny the motion to dismiss the devolutive appeal filed by Richard. We note that the September 2, 2003 and the November 13, 2003 judgments are virtually the same and the November 13, 2003 simply makes the September 2, 2003 judgment executory after payment of the fees. Therefore, we find that the motion for appeal filed after the September 2, 2003, but before the November 13, 2003 judgment, properly appeals the trial court's ruling to this Court. As a result, we now deny the motion to dismiss the devolutive appeal filed by Richard.
As to the merits of the appeal, Richard alleges four assignments of error. First, he argues that the trial court erred in rendering summary judgment in favor of plaintiffs because there were genuine issues of material fact and because there was no evidence to prove that the plaintiffs were entitled to judgment as a matter of law. Second, Richard alleges that the trial court erred in rendering summary judgment because the five year peremptive period cured any irregularity, if any, regarding the sale of the properties purchased by Richard. Third, Richard argues that the trial court erred in rendering summary judgment with respect to the interest of Devin Richard and Norman A. Richard, Jr. because they did not challenge the tax sales. And finally, he argues that the trial court erred in ordering the cancellation of the tax sales prior to payment to him of the price and all taxes, costs and interest.
For the following reasons, we affirm the trial court's granting of summary judgment in favor of the plaintiffs and affirm the trial court's judgment annulling the tax sale based on payment of the delinquent taxes and fees.

DISCUSSION
The St. Charles Parish Sheriff's Office, as the collector of parish taxes, failed to send a notice of delinquency of taxes to co-owners Cedric Richard, Shiara Richard Deloach, Derrick Richard, Shinitta Woulard, and Geraldine Rainey regarding the 1996 taxes due on the subject property. As a result of the delinquency, the St. Charles Parish Sheriff's Office proceeded to sale the property at a tax sale. We find that the Sheriff failed to comply with the requirements of La. R.S. 47:2180.
La. R.S. 47:2180(A)(1)(a) provides that the tax collector shall address a written or printed notice to the record owner of the property for which the taxes are delinquent on January second of each year. That statute further requires that the delinquent taxes be paid within twenty days after service or mailing of the notice *97 or the property will be sold according to law. La. R.S. 47:2180(B) provides that the tax collector shall send the notice by certified mail with return receipt requested. Notice may also be sent by personal or domiciliary service if the property is in a city containing over fifty thousand persons. After the proper notice is given to the owner(s) of the property, the tax collector may advertise the sale of the property for unpaid taxes and then proceed with the tax sale according to the Louisiana Constitution Article 7, Section 25.
The United States Supreme Court has held that notice by mail or other means to insure actual notice is the minimum constitutional precondition to proceeding with a tax sale which will adversely affect liberty or property interests of any party, if the name and address are reasonably ascertainable. Mennonite Board of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180. Louisiana courts have followed this holding. Murphy v. Estate of Sam, 87-120 (La. 3rd Cir.6/22/88), 527 So.2d 1190.
Richard argues in this case that the five year peremptive period of La. Const. art. 7 Section 25(C) cured any irregularity with respect to the tax sale and lack of notice. To the contrary, the Third Circuit, in State of LA, through DOTD v. Knight, 93-767 (La. 3rd Cir.2/2/94), 631 So.2d 714, held that a tax sale was absolutely null for failure to give notice of the delinquency and the tax sale to the record owners. The Third Circuit further held that the record owners were not precluded from attacking the validity of the tax sale after the expiration of the five year peremptive period since the lack of notice made the tax sale an absolute nullity.
In this case, plaintiffs did not receive notice of delinquency, or the pending tax, as required by La. R.S. 47:2180. This lack of notice renders the tax sale of the property an absolute nullity. Therefore, the plaintiffs were entitled to challenge the tax sale even though more than five years had passed. Richard presented no evidence with his opposition to the motion for summary judgment to show that genuine issues of material fact exists. We find the trial court correctly found that no genuine issues of material fact exist and plaintiffs were entitled to a judgment as a matter of law. Thus, the trial court correctly granted summary judgment in favor of plaintiffs.
We also find that the trial court correctly entered judgment on November 13, 2003 declaring that payment of the delinquent taxes and fees had been paid by plaintiffs and canceling the tax sales from the conveyance records. The funds were deposited by plaintiffs into the registry of the court. Richard's argument that the judgment should not have been rendered until the funds were paid to him is without merit. The funds were safely in the registry of the court and were available to him.
In accordance with the above, we affirm the trial court's granting of summary judgment in favor of plaintiffs and affirm the finding that the tax sale of the subject property is null and void. We also affirm the trial court's judgment declaring that plaintiffs had paid the delinquent taxes and fees by depositing the funds into the registry of the court and ordering the tax sale to be cancelled from the conveyance records.
AFFIRMED.