908 So.2d 1253 (2005)
Clifton PARDON, Plaintiff-Appellant
v.
Amos MOORE, Jr., Defendant-Appellee.
No. 39,949-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 2005.
*1254 Travis M. Holley, Bastrop, for Appellant.
Paul W. Bairnsfather, for Appellee.
Before STEWART, CARAWAY and LOLLEY, JJ.
STEWART, J.
Clifton Pardon, obtained title to the subject property through a series of tax sales. He then sought to have his title confirmed against the claims of, Amos Moore, Jr., who purportedly obtained title through a cash sale deed from the original tax debtor in Pardon's chain of title. Moore reconvened seeking annulment of the tax sales. The trial court rendered judgment against Pardon and in favor of Moore setting aside the tax sales giving rise to Pardon's claim of ownership. For the reasons set forth below, we affirm the judgment of the trial court.

FACTS
Clifton Pardon and Amos Moore, Jr., both trace their claim of ownership to the same parcel of land in Morehouse Parish to common authors David Spencer Rinehart and his wife, Alyson Henley Rinehart. Amos Moore bases his claim on a single act under private signature executed by the Rineharts transferring their interest in the property to him and recorded in Book 514, Page 416 of the Conveyance Records of Morehouse Parish on November 23, 1998. Clifton Pardon, on the other hand, bases his claim on the following chain of title evidenced by the pleadings in this matter:
1. Tax Sale of subject property to Mississippi Land Co., Inc., assessed in the name of David Spencer Rhinehart, et ux, for the 1997 parish taxes by Sheriff and *1255 Tax Collector's deed dated April 29, 1998, registered in Book 510, Page 234 of the Conveyance Records of Morehouse Parish;
2. Tax Sale of subject property to Belle Exploration, Inc., assessed in the name of David Spencer Rinehart, for the 1998 parish taxes by Sheriff and Tax Collector's deed dated May 7, 1999, registered in Book 518, Page 337 of the Conveyance Records of Morehouse Parish;
3. Tax Sale of subject property to Louisiana Tax I, Inc., assessed in the name of Mississippi Land Co., Inc., for the 1999 parish taxes by Sheriff and Tax Collector's deed dated May 15, 2000, registered in Book 527, Page 366 of the Conveyance Records of Morehouse Parish;
4. Tax Sale of subject property to Brown and Lee, Inc., assessed in the name of Louisiana Tax I, Inc., for the 2000 parish taxes by Sheriff and Tax Collector's deed dated May 30, 2001, registered in Book 536, Page 458 of the Conveyance Records of Morehouse Parish;
5. Quit claim by Mississippi Land Co., Inc., Belle Exploration, Inc., and Louisiana Tax I, Inc., transferring all their interest in the subject property to Morehouse Rentals, Inc. dated October 22, 2001, and filed in Book 540, Page 370 of the Conveyance Records of Morehouse Parish;
6. Cash sale by Morehouse Rentals, Inc. of subject property to Cliff's Cable Video by deed dated November 9, 2001, and recorded in Book 540, Page 715 of the Conveyance Records of Morehouse Parish;
7. Certificate of Redemption issued on September 19, 2002, redeeming the subject property to Louisiana Tax I as a result of payment by Clifton Pardue of the purchase price of $1,223.50 filed in Book 548, Page 319 of the Conveyance Records of Morehouse Parish;
8. Act of Correction executed on October 7, 2002, changing the name of the purchaser in the previously issued Certificate of Redemption to James Pardon and filed in Book 548, Page 632 of the Conveyance Records of Morehouse Parish;
9. Second Act of Correction executed on October 7, 2002, changing the name of the purchaser to Clifton Pardon and filed in Book 548, Page 635 of the Conveyance Record of Morehouse Parish.
On June 5, 2003, Mr. Pardon filed a petition to quiet title on the property against any claims by Amos Moore, Jr., and to confirm Mr. Pardon as the owner of the property. On July 15, 2003, Mr. Moore answered the petition and made a reconventional demand seeking nullification of the tax sales under which Mr. Pardon asserts ownership on the basis that the original tax debtors were not provided notice as required by La. R.S. 47:2180. Trial was held on November 13, 2003.
The parties stipulated that Mr. Pardon would testify as to his desire to have his tax title quieted and that he be declared the owner of the property. As his only other witness, Mr. Pardon called Bobby Porter, a civil deputy clerk for the Morehouse Parish Sheriff's department. Mr. Porter's testimony was used to introduce a certified mail return receipt allegedly signed on February 9, 1998, by David Rinehart as part of the sheriff's department records regarding the tax sale of Mr. Rinehart's property. Mr. Porter did not know nor did the return receipt evidence the address to which the item was mailed. Mr. Porter was unaware of whether his office retained copies of the notices mailed to taxpayers but confirmed that the letter would have informed Mr. Rinehart that the taxes on his property were due. No copy of the notice allegedly mailed to Mr. Rinehart was produced.
Mr. Porter testified that the property was subsequently sold at tax sale to the *1256 Mississippi Land Company. He was also aware that after the tax sale, Mr. Moore bought Mr. Rinehart's interest in the property. He stated that after the initial delinquency letter sent to Mr. Rinehart, the sheriff's office sent no further notice to either Mr. Rinehart or Mr. Moore regarding past due taxes. All other notices were sent to the Mississippi Land Company and the subsequent tax sale purchasers listed in the chain of title set forth above.
Mr. Moore elicited the testimony of Dawn Jackson, a tax clerk for the Morehouse Parish Sheriff's Office from 1993 to 2000. She testified that as part of her duties she prepared a process verbal each year for all the delinquent tax notices sent to tax payers and that she filed same with the clerk of court. She had no specific recollection of whether such a notice was sent to Mr. Rinehart or to which address such a notice would have been mailed. She did, however, testify that the office kept "carbon" copies of all the notices sent and that the copies would reflect the address to which the notice was sent. She also stated that it was not the office's practice to send any subsequent notices to the original tax debtor or to his transferee in the years after the initial delinquency notice.
Mr. Rinehart testified that he bought the property in 1994 or 1995 and operated the convenience store located thereon for three or four years and subsequently sold the property to Mr. Moore in November of 1998. While he did not dispute that he had not paid the property taxes for 1997, he testified that he had never received notice of a tax sale concerning the property. He also testified that the signature on the return receipt identified by Mr. Porter as evidence of his receipt of the delinquency tax notice was not his and noted that the printed version of his name located above the signature was misspelled as "Rineheart." On cross-examination, Mr. Rinehart testified that he and his wife were separated at the time the notice was allegedly mailed to him. He had moved to Mississippi and his wife had remained in the matrimonial domicile on Stonecliff Drive in West Monroe, Louisiana. He stated that if the mailing had been sent to that address it would have to have been signed by him, his wife or the nanny. He could not state definitively whether or not his wife or the nanny had received the certified mail evidenced by the return receipt.
Sheila Rogers Walker, an employee of the Morehouse Parish Tax Assessor, testified that she called Mr. Moore in January of 1999 upon reviewing a copy of the deed to the subject property. He came into the office in February and she informed him that the property had been sold at a tax sale and could not be assessed in his name until it was redeemed. She was not aware of whether Mr. Moore took any additional steps towards redeeming the property.
Lastly, Mr. Moore testified that he bought the property in November 1998 and had been in sole possession of it since that time. He became aware from Mer Rouge State Bank, Mr. Rinehart's mortgagee on the property, that the property needed to be redeemed for back taxes. Accordingly, he went to the sheriff's office to try and "redeem the taxes." However, he claimed that he was told he could not do so because the taxes had already been paid. He testified that other than through Mer Rouge State Bank or Ms. Walker at the tax assessor's office, he never received any notice regarding taxes due on the property, regarding the tax sale, or regarding the manner or time frame in which he could redeem the property.
The court received into evidence the tax deeds, quitclaim deed, cash sale deed, redemption certificate and acts of correction *1257 referenced above in Mr. Pardon's alleged chain of title as well as the cash sale deed transferring the property from Mr. Rinehart to Mr. Moore. The court also received the return receipt identified by Mr. Porter and an example of Mr. Rinehart's signature executed while on the witness stand for comparison with the signature on the return receipt.
The parties later supplemented the record with the alleged proces verbal for each year between 1998 and 2000 of the notices sent by the sheriff as the tax collector for Morehouse Parish. The proces verbal for 1998 reflects that a notice was sent to Mr. Rinehart at "116 Stoneclift Drive, West Monroe, Louisiana 71291." The following year's version reflects that notice was sent to Mr. Rinehart at "Mississippi Land Co Inc, P.O. Box 952 Natchez, Mississippi 37121." Neither of these documents is signed by the tax collector or the required witnesses. The proces verbal for the year 2000 does not reflect any notice being sent to either Mr. Rinehart or Mr. Moore.
On June 9, 2004, the trial court issued reasons for judgment annulling the 1998 tax sale which initiated Mr. Pardon's chain of title. Accordingly, the trial court denied Mr. Pardon's request to quiet his tax title and granted Mr. Moore's reconventional demand. Mr. Pardon appeals.

DISCUSSION
On appeal, Mr. Pardon argues that the evidence established that notice was given to Mr. Rinehart making the tax sale valid and that the evidence that the signature on the return receipt was not that of Mr. Rinehart or his ex-wife is insufficient to rebut the presumption of notice established by the proces verbal indicating that notice was served on them by certified mail. He also argues that the five-year liberative prescriptive period for setting aside a tax sale had expired at the time Mr. Moore filed his reconventional demand seeking same and that the possession by Mr. Moore of the subject property from late 1998 until the present was insufficient to suspend the prescriptive period from running.

Sufficiency of Notice
In Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the United States Supreme Court recognized that the sale of property for nonpayment of taxes is an action that affects a property right protected by the Due Process Clause of the Fourteenth Amendment. As a minimum constitutional precondition to such a proceeding, notice must be sent by mail or other means certain to ensure actual notice if the party's name and address are reasonably ascertainable. Mennonite, 462 U.S. at 800, 103 S.Ct. at 2712. In Louisiana, the necessity for notice is provided for in Article 7, § 25 of the Louisiana Constitution of 1974. This notice requirement has also been recognized by Louisiana courts. See Drury v. Watkins, 546 So.2d 1280 (La.App. 1st Cir.1989), writ denied, 551 So.2d 1323 (La.1989); Murphy v. Estate of Sam, 527 So. 2d 1190 (La.App. 3d Cir.1988). Failure to provide notice renders a tax sale of the property an absolute nullity. Richard v. Richard, 04-715 (La. App. 5th Cir.12/14/04), 892 So.2d 94; Security First Nat. Bank v. Murchison, XXXX-XXXX (La.App. 3d Cir. 3/17/99), 739 So.2d 803.
La. R.S. 47:2180 permits the tax collector to provide notice by sending the taxpayer a written or printed announcement via certified mail informing him that the delinquent taxes must be paid within 20 days after service of the notice or that the property will be sold according to law. Interpreting this statute in terms of due process requirements, it has repeatedly been held that when the tax collector *1258 sends notice to the known, correct address of the tax debtor with return receipt requested, he has made a reasonable effort, and the tax sale will not be invalidated simply because the debtor does not actually receive the notice. Carey v. Green, 177 La. 32, 147 So. 491 (1933); Goodwin v. Newsome, 44 So.2d 189 (La.App. 2d Cir. 1950); Goodwill v. Smith, 29 So.2d 188 (La.App. 2d Cir.1947).
Once the sheriff has completed the service of notices, La. R.S. 47:2180 requires that he make out a proces verbal stating therein the names of the delinquent taxpayers so notified, their addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. He is required to sign the proces verbal in the presence of two witnesses and file same with the clerk of court. If a proces verbal is properly executed and filed, the burden of establishing that no notice was given rests on the tax debtor. In the absence of the proces verbal, the burden of proof is on the tax purchaser to show by clear and convincing evidence that the necessary notice was conveyed to the tax debtor.
In the present case, the trial court indicated in its reasons for judgment that the filing of the proces verbal gave rise to the presumption that proper notice had been given. We disagree. The record indicates that the document submitted into evidence purporting to be the proces verbal for the tax sale notices mailed in 1998 and which was filed with the clerk of court on February 25, 1998, is insufficient to give rise to the presumption of notice. The document is not signed by the tax collector as required by La. R.S. 47:2180. By definition, the purpose of the proces verbal in these instances is to create an authenticated record of the actions taken by the tax collector to comply with the notice requirements. Because it is statutorily recognized as evidence of what it purports to be, the form requirements, which in this case are minimal, are indispensable. Without the signature of the tax collector or even one of his legal representatives, the document is nothing more than inadmissible hearsay.
Accordingly, no presumption of notice arose in this case and Mr. Pardon bore the burden of showing by clear and convincing evidence that the necessary notice was conveyed to the tax debtor. However, the only evidence regarding notice being provided to Mr. Rinehart about the delinquent taxes and impending tax sale was in the form of a return receipt and the testimony of Mr. Potter, a civil clerk with the sheriff's office. There is no copy of the notice which was purportedly mailed or any direct testimony as to the contents of the notice. Furthermore, the return receipt indicates only that it was addressed to "RINEHART, DAVID SPENCER, ET UX." The address is not on the return receipt and no testimony was offered as to what address the item was mailed. Considering this in light of Mr. Rinehart's testimony that the signature affixed to the card by the recipient is not his and that he never received a delinquent tax notice, we conclude that Mr. Pardon failed to meet his burden. Because a tax sale conducted without the requisite notice is an absolute nullity, we find no error in the trial court's conclusion that the 1998 tax sale which gave rise to Mr. Pardon's chain of title should be annulled.

Prescription of Action to Set Aside Tax Sale
Mr. Pardon argues that whether or not the tax sale was defective, Mr. Moore forfeited the right to attack it by failing to file an action to annul the sale within five years of the recordation of the tax deed.
La. Const. art. 7 § 25(C) provides:

*1259 No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. A notice of sale shall not be served until the final day for redemption has ended. It must be served within five years after the date of the recordation of the tax deed if no notice is given.
Thus, under La. Const. art. 7, § 25(C), tax sales are subject to a five-year peremptive period after which certain irregularities of the sale can no longer be asserted. Bank One Louisiana, N.A. v. Gray, 34,802 (La.App. 2d Cir.06/20/01), 792 So.2d 29. The irregularity alleged in this case is not one of them. The prescription of five years cannot cure a defect in a tax sale which is absolutely null and void as no peremptive or prescriptive period can breathe life into something that never existed. Gram Realty Co. v. Northern Homes, Inc., 308 So.2d 502 (La.App. 1st Cir.1975). Accordingly, since failure to give notice renders the tax sale an absolute nullity, the five-year prescriptive period does not operate to extinguish a plaintiff's right to sue to annul a tax sale conducted in violation of the minimum Constitutional notice requirements set forth in Mennonite, supra. See Jackson v. Bernstein, 39 So.2d 120 (La.App. 2d Cir.1948); and Smith v. Brooks, XXXX-XXXX (La.App. 3d Cir.4/15/98), 714 So.2d 735.
Furthermore, the five-year period does not run if the tax debtor, his heirs, legal representatives or vendees retain corporeal possession of the property. Meshell v. Bauer, 215 La. 619, 41 So.2d 237 (1949); Colvin v. Ferguson, 564 So.2d 775 (La.App. 2d Cir.1990). The possession required to prevent the running of such prescription must be open, actual and physical and of such character as to be in effect a continuous protest against the tax sale. Kuhn v. Sandefur, 28 So.2d 515, 518 (La. App. 2d Cir.1946). While the record is short on details as to the possession exercised by Mr. Moore and his predecessor-in-title, Mr. Rinehart, it appears clear that both men operated, successively, a store on the property between 1993 and the time of trial. As far as acts of possession are concerned, few could be more open, actual and physical than the operation of a store on the subject property.
In either circumstance, the trial court did not err in concluding that the five-year peremptive period found in Art. 7, § 25 of the Louisiana Constitution of 1974 did not serve as a bar to Mr. Moore's right to have the 1998 tax sale declared a nullity.

CONCLUSION
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Mr. Pardon.