938 So.2d 738 (2006)
JAMIE LAND COMPANY, INC.
v.
Francis K. JONES, Jr., et ux.
No. 2005-CA-1471.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
Writ Denied October 6, 2006.
John A.E. Davidson, Metairie, Counsel for Plaintiff-Appellant.
Tom W. Thornhill, Chadwick W. Collings, Mitchell A. Palmer, Thornhill Law Firm, L.C., Slidell, Counsel for Defendant-Appellee.
Panel composed of Ad Hoc Judges JAMES L. CANNELLA, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge, Ad Hoc.
On August 6, 2003, Jamie Land Company Inc. ("Jamie") filed an Action To Quiet Title To Real Estate against Catherine Jung, wife of/and Francis K. Jones ("Jones"), and numerous other defendants, involving several parcels of property acquired by Jamie by quitclaim. All matters arising under the original action on the various properties were resolved with the exception of the Jones defendants. According to the petition, the 5.88 acres of land in question had previously been purchased by Jones in 1989 and acquired by Amy Hammons by a tax sale for unpaid 1997 parish ad valorem taxes in July 1998. *739 Jamie obtained the property from Hammons by quitclaim on September 29, 1998.
Jones filed an Answer And Reconventional Demand, averring that no notice was sent for the tax sale, that the prescriptive period for acquisition had not elapsed because it had been suspended by possession, and that the peremptive period had not begun to run because of the lack of notice. Jones also prayed that the tax sale be cancelled. Subsequently, after answering the reconventional demand, Jamie filed a Motion For Summary Judgment in its favor, to which Jones responded with a Motion For Summary Judgment. Following a hearing, the trial court denied Jamie's motion and granted that of Jones, finding the tax sale absolutely null and void for failure of proper notice. Jamie appeals.
The appellate record contains a credit Sale of Property dated February 16, 1989, from D & R Partnership Inc. to Jones, transferring the property in question for the sum of $8,250. The Act of Sale was recorded in St. Tammany Parish. The property was sold in 1993 for failure to pay taxes. On April 7, 1997, Jones redeemed the property. In the record is a receipt indicating that, at that time, Jones paid the taxes assessed through 1995 and, on that receipt, there was a notation "Amount Good Thru 4/30/97." In 1998, the property was apparently adjudicated for non-payment of the 1996 tax.
It is well settled that appellate courts review summary judgments de novo under the same criteria that governs the district court's consideration of whether summary judgment is appropriate.[1] The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. LSA-C.C.P. art. 2164. The appellant may designate the record limiting it to such portions which he desires to constitute the record on appeal. LSA-C.C.P. art. 2128. The inadequacy of the record, if any, is imputable to the appellant.[2]
Regarding notice requirements, the United States Supreme Court recognized that the sale of property for non-payment of taxes is an action that affects a property right protected by the Due Process Clause of the Fourteenth Amendment, and, as a minimum constitutional precondition to such a proceeding, notice must be sent by mail or other means certain to ensure actual notice if the party's name and address are reasonably ascertainable.[3] Louisiana courts have recognized and followed this holding.[4] Failure to provide notice renders a tax sale of the property an absolute nullity.[5]
Absent from this designated appellate record is proof of an adequate proces verbal as required by LSA-R.S. 47:2180. Under that statute a proces verbal must state therein the names of notified tax delinquents, their post office addresses, a brief description of the property, the amount of taxes due, and how the service of notice was made. Such proces verbal shall be signed officially by him in the presence of two witnesses and filed in the office of the clerk of court for *740 recording and preservation. Attached to a "Memorandum In Opposition To Motion For Summary Judgment Of Francis K. Jones And In Support Of Motion For Summary Judgment Of Jamie Land Co. Inc., Against Francis K. Jones Et Al" is a page, referred to as the "proces verbal," that lists names, addresses, and "article numbers." Presumably, those article numbers are postal article numbers. This "evidence" does not constitute a sufficient proces verbal under the statute. By definition, the purpose of the proces verbal in these instances is to create an authenticated record of the actions taken by the tax collector to comply with the notice requirements. Because it is statutorily recognized as evidence of what it purports to be, the form requirements, which in this case are minimal, are indispensable.[6]
If a proces verbal is properly executed and filed, the burden of establishing that no notice was given rests on the tax debtor. However, in the absence of the proces verbal, the burden of proof is on the tax purchaser to show by clear and convincing evidence that the necessary notice was conveyed to the tax debtor.[7] As stated above, the record before us does not show a proces verbal or recordation thereof detailing the tax collector's notification to tax debtors as required. An affidavit sworn by Lieutenant Josie Willie, manager of the Property Tax Division of the St. Tammany Parish Sheriff's Office, stated that the Division keeps all notices of property taxes for a period of five years, and had no records concerning the mailing of any notice to Jones for 1996-1997 taxes, other than the "proces verbal." Absent a proces verbal that conforms to the statute, there is no evidence in the record that the sheriff properly advertised and gave notice of the tax sale to Jones. Mr. and Mrs. Jones swore in affidavits submitted in connection with their motion that they had not received notice that taxes were due for 1996 on their property. Further, according to their affidavits, when they redeemed the property in 1997 after it had been sold for nonpayment of the 1993 taxes, they were not informed of any further delinquency. Instead, they were that told no property taxes were owed, and that the amount paid at that time was good until April 30, 1997. Mrs. Jones personally paid the taxes at the assessor's office from 1997-2003.
In addition, we note there is no evidence of the purchase by Hammons of the property in a tax sale, or of the quitclaim deed in favor of Jamie, so as to evidence the chain of title. There are, however, some tax receipts evidencing that Jones paid property taxes for the years 2000-2001, as well as a duplicate tax notice for 2003, that gives the property descriptions in relevant part, as "T S TO [H]AMMONS, AMY INST NO 1104990 HAMMONS INT TO JAMIE LAND INST NO 11665."
Based on the record before us, it is clear that Jamie failed to meet its burden of proof of notice. Accordingly, we affirm the judgment of the district court in denying Jamie's motion for summary judgment, in granting Jones' motion, and in declaring the tax sale absolutely null and void. Jamie is taxed with costs of this appeal.
AFFIRMED.
NOTES
[1] Western v. Stoot, 05-186 (La.App. 5 Cir. 10/06/05), 916 So.2d 1195.
[2] Olson v. Olson, 04-1137 (La.App. 5 Cir. 03/01/05), 900 So.2d 52.
[3] Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).
[4] See, e.g., Guichard Drilling Co. v. Alpine Energy Serv., Inc., 94-1275 (La.7/3/95), 657 So.2d 1307.
[5] Richard v. Richard, 04-715 (La.App. 5 Cir.12/14/04), 892 So.2d 94, writ denied, XXXX-XXXX (La.4/8/05), 898 So.2d 1278.
[6] Pardon v. Moore, 39,949 (La.App. 2 Cir. 8/17/05), 908 So.2d 1253.
[7] Pardon v. Moore, supra. See also, Mason v. Nattin, 355 So.2d 44 (La.App. 2 Cir.1978).