EAST-WEST OF METAIRIE, INC.,
v.
CHALMOUS STEWART AND RODNEY J. STRAIN, JR., SHERIFF AND EX-OFFICIO TAX COLLECTOR FOR THE PARISH OF ST. TAMMANY, STATE OF LOUISIANA.
No. 2008 CA 1771.
Court of Appeals of Louisiana, First Circuit.
May 6, 2009.
Not Designated for Publication
JAMES L. BREAUX and RICHARD L. TRAINA, Seale & Ross, P.L.C. Attorneys for Plaintiff-Appellant East-West of Metairie, Inc.
THOMAS B. WATERMAN, Attorney for Defendant-Appellee Chalmous Stewart.
Before: PARRO, McCLENDON, and WELCH, JJ.
PARRO, J.
In this suit to annul a tax sale, East-West of Metairie, Inc. (East-West)[1] appeals a judgment granting a motion for summary judgment in favor of Chalmous Stewart, confirming him as the sole owner of certain immovable property that had been owned by East-West, but was purchased by Stewart at the tax sale. We affirm the judgment.

BACKGROUND
East-West, a Louisiana corporation owned by James and Nancy E. Scalise, was the record owner of certain immovable property in St. Tammany Parish, a portion of which it had subdivided into eight lots comprising Pine Creek Estates. East-West retained ownership of Lot 7, and in 2001, the property taxes due on Lot 7 were not paid. After notice and publication of the tax delinquency, on June 5, 2002, Lot 7 was sold for non-payment of 2001 property taxes to Stewart, pursuant to a tax deed executed by Rodney J. Strain, Jr., Sheriff and ex-officiolax Collector (the tax collector) for the parish. The tax deed was recorded in the records of St. Tammany Parish on June 26, 2002. On June 25, 2007, East-West filed a petition to annul the tax sale, naming the tax collector and Stewart as defendants. Stewart answered and filed a reconventional demand to quiet the tax title.
Cross-motions for summary judgment were filed by Stewart and East-West concerning the validity of the tax sale. After reviewing the evidence submitted by the parties in connection with the motions, the court denied East-West's motion and granted Stewart's motion, confirming his title as the sole owner of the property and enjoining East-West from claiming any right, title, or interest in it. The judgment described the property as "Lot 7, Pine Creek Estates CB 927 872 CB1347 736 CB1465 589 Instrument #: 119264," and decreed that if there were any differences between the description of the property as it appeared in the judgment and as it appeared in the tax deed, the tax deed was reformed to correspond to the property description in the judgment. East-West filed a motion for a devolutive appeal from the judgment.

DISCUSSION
East-West asserts on appeal that the court erred in failing to annul the sale, because the record did not have conclusive evidence that the required tax delinquency notice had been sent to East-West, since any such notice was not in the record; because the tax delinquency notice supposedly mailed to East-West was incorrectly addressed and did not adequately describe Lot 7; because genuine issues of material fact exist concerning whether the value of Lot 7 was made known to bidders or that a 100% interest in the lot was the least quantity that any bidder would have bought for the amount of the taxes, interest, and costs due; and because the sheriff did not provide to East-West the required post-tax-sale notice of how to redeem the property.

Evidence of Notice
We have examined the proces verbal signed by the sheriff, which stated:
In my capacity as Ex-Officio Tax Collector in and for the Parish of St. Tammany, State of Louisiana, pursuant to the provisions of Louisiana [R]evised Statutes 47:2180(B), as amended, I hereby set forth below the names of delinquent taxpayers already notified of said delinquency by me, their post office or residence addresses, a brief description of the property on which the delinquent taxes are due and the amount of the taxes due for the Parish and local taxes for the year 2001. Service of the notice of delinquent taxes was made upon each tax debtor by certified mail, return receipt requested. The above described information is set forth, in accordance with law, in Exhibit "A" consisting of pages 1 through 181 attached hereto and made a part hereof.
Under former LSA-R.S. 47:2180,[2] the proces verbal was required to state the names of the notified tax delinquents, their post office addresses, a brief description of the property, the amount of taxes due, and how the service of notice was made. The proces verbal was to be signed officially by the tax collector in the presence of two witnesses and filed in the office of the clerk of court for recording and preservation. The statute further stated that the proces verbal was to be received by the courts as evidence. The purpose of the proces verbal is to create an authenticated record of the actions taken by the tax collector to comply with the notice requirements. Jamie Land Co., Inc. v. Jones, 05-1741 (La. App. 1st Cir. 6/9/06), 938 So.2d 738, 740, writ denied, 06-1735 (La. 10/6/06), 938 So.2d 86. If the evidence in a suit for nullity of a tax sale shows that a proces verbal was properly executed and filed, the burden of establishing that no notice or insufficient notice was given rests with the delinquent taxpayer. Id.
East-West contends that the tax delinquency notice itself is not in the record, and therefore, the evidence is inconclusive concerning its existence and whether it included all the statutorily-required information. However, when the properly executed proces verbal'is in the record, the actual notice need not be, because the proces verbalserves as evidence of what it purports to be. See Jamie Land Co., 938 So.2d at 740. In this case, the proces verbal states that the notice requirements of the applicable statute were satisfied. This provides evidence that the notice was correctly given. East-West therefore had the burden of proving that it did not receive the notice or that the notice was insufficient.

Receipt and Sufficiency of Notice
East-West does not claim that it did not receive the tax delinquency notice, that it was sent to or received by someone not authorized to receive it, or that it was sent to an incorrect address. However, East-West does allege the notice was insufficient. The attached relevant pages of Exhibit "A" to the proces verbal show that notice was mailed to East-West, Inc., c/o Nancy Scalise, 5909 West End Blvd., New Orleans, LA 70124, concerning "LOT 7 PINE CREEK EST CB 927 872 CB 1347 736 CB 1465 589 INST NO 119264 5," and stating the amount of taxes and costs due as $148.93. The record also contains the return receipt referencing East-West and showing the tax collector sent certified mail to Nancy Scalise at the above address; the receipt is signed by Nancy Scalise and dated April 10, 2002. East-West contends the notice was insufficient, because the record owner was East-West of Metairie, Inc., not East-West, Inc., and because there were discrepancies in the property description.
In Mennonite Board of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983), the United States Supreme Court held that the sale of property for nonpayment of taxes is an action that affects a property right protected by the Due Process Clause of the Fourteenth Amendment. Therefore, notice of the delinquency and pending tax sale must be sent by mail or other means certain to ensure actual notice if the party's name and address are readily ascertainable. Id. In the matter before us, the assessor's records and the conveyance records show the owner as "East-West, Inc." Obviously, the mailing sent in this case was a "means certain to ensure actual notice," since actual notice to the owner and registered agent of the delinquent taxpayer was accomplished by the mailing, as evidenced by the signature of Nancy Scalise on the return receipt.
With reference to the discrepancies in the property description, East-West contends in its brief that the property description was not sufficient, because it did not include the word "subdivision" after "Pine Creek Est" and either omitted the last number of the described recordation instrument or "clumsily referenced Instrument No. 1192645 by strangely dropping the '5' to the next line below the first six digits of the seven-digit instrument number." However, a tax sale is still valid if the property can be reasonably identified from the notice or if the description furnishes a means by which it can be identified. Hubbs v. Canova, 401 So.2d 962, 964 (La. 1981); see LSA-R.S. 47:1958(D). Here, the relevant locations of documents establishing title to the property are shown by the books and page numbers where deeds concerning Lot 7 could be located in the parish records:[3] CB 927 872, CB 1347 736, and CB 1465 589.[4] Therefore, the description furnishes a means by which the property is readily identifiable.

Value and Percentage of Property Sold
East-West cites former LSA-R.S. 47:2184,[5] claiming there are genuine issues of material fact concerning whether the provisions of that statute were met, in that the value of Lot 7 may not have been made known to bidders and there may have been a bidder or bidders willing to buy less than a 100% ownership interest in the property. However, Stewart submitted an affidavit from Josie J. Willie, an employee of the St. Tammany Parish Sheriffs Office, who was assigned to the Tax Sales Division and had been head of the Tax Sales Department since before June 1, 2002. She averred that before every tax sale, instructions are read to the prospective bidders informing them that the amount bid must cover the amount of the past due property tax and costs, and that the party agreeing to acquire the least percent interest in the property would be awarded the sale of that property. She further stated that the only bid for the past due tax owed by East-West was from Stewart, who bid for a 100% ownership interest in the property. The record also includes a copy of the property owner's parcel report from the St. Tammany Parish assessor's rolls for the tax year 2001, showing the property as "LOT 7 PINE CREEK EST CB 927 872 CB 1347 736 CB 1465 589 INST NO 1192645" and describing it as "COUNTRY LOTSNO IMP" and "no subdivision specified," with an assessed value of "510."[6] This description does not provide the size or configuration of Lot 7 or establish that it is divisible in kind or susceptible to subdivision, as East-West contends. Therefore, under the provisions of LSA-R.S. 47:2184, based on that description, the tax collector could not divide the property into smaller quantities than what was shown on the assessment rolls. Ms. Willie's affidavit and the description of the property on the assessment rolls established that the constitutional and statutory requirements were met, negating East-West's contention that genuine issues of material fact remain concerning the conduct of the tax sale.

Post-Tax-Sale Notice and Right to Redeem
Louisiana Constitution article VII, § 25(B)(1) provides that property sold at a tax sale is redeemable for three years after the date of recordation of the sale. Former LSA-R.S. 47:2186 required the tax collector to notify the tax debtor after his property had been adjudicated to the state for unpaid taxes; former LSA-R.S. 47:2180(A)(1)(b) imposed a duty upon the tax collector to provide each tax debtor with written, post-tax-sale notice of the amount of taxes due and the manner in which his property could be redeemed.[7] In two cases involving post-tax-sale notices, United Financial Group, Inc. v. Davis, 481 So.2d 726, 728 (La. App. 1st Cir. 1985) (adjudication to the state), and Hamilton v. Royal Int'l Petroleum Corp., 03-2660 (La. App. 1st Cir. 3/2/05), 906 So.2d 627, 632-33 (sale to private bidder at tax sale), this court held that the failure of the tax collector to give the tax debtors such notices rendered the tax sales null.
However, in Hamilton v. Royal Int'l Petroleum Corp., 05-846 (La. 2/22/06), 934 So.2d 25, cert. denied, 549 U.S. 1112, 127 S.Ct. 937, 166 L.Ed.2d 704 (2007), the Louisiana Supreme Court reversed this court's en banc Hamilton decision and abrogated this court's United Financial Group decision. The supreme court stated:
[W]e find the court of appeal erred in finding due process further requires this post-tax sale notice, when the plaintiff had already been afforded an opportunity to be heard at a meaningful time and in a meaningful manner before he was divested of his property.
Hamilton, 934 So.2d at 30. The court further explained:
At the tax sale, Mr. Hamilton became divested of his property in strict compliance with his due process rights. We do not find fundamental due process is further required to inform him that, in his case, he may redeem his property for a period of less than one year. We are further buttressed in this finding by noting the Legislature did not require as a penalty that the tax sale be annulled if the post-tax sale notice is not sent and neither is it required in our constitution.
Hamilton, 934 So.2d at 32.
Reminding this court that civilian doctrine allows this court not to be rigidly bound by the reversal in Hamilton, as it did not rise to the level of jurisprudence constante, East-West invites this court to ignore the supreme court's Hamilton decision and nullify the tax sale in this case due to the tax collector's failure to provide it with post-tax-sale notices. We decline that invitation. Having been clearly advised by the supreme court of this court's error in not one, but two, decisions, we will not repeat that error by ignoring the supreme court in this decision. There was no legal error in the trial court's refusal to annul the tax sale on the basis of a failure to provide East-West with post-tax-sale notices.
We have reviewed de novo the district court's decision to grant Stewart's motion for summary judgment, using the same criteria that governed the district court's consideration of whether summary judgment was appropriate in this case. See Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 750. Stewart supported his motion for summary judgment with the proces verbal, demonstrating that the pre-tax-sale notice to East-West met the statutory requirements and shifting to East-West the burden of establishing that it could prove at trial that the notice was insufficient or was not received. East-West's evidence failed to meet this burden of proof. With respect to the sale of a 100% ownership interest to Stewart, the evidence he submitted showed that the statutory and constitutional requirements had been satisfied, and East-West did not produce evidence to create a genuine issue of material fact concerning this issue. Having reviewed the applicable law, we find no legal error in the district court's decision. Therefore, since we conclude that there was no genuine issue as to material fact and no error of law, Stewart was entitled to summary judgment in his favor. See LSA-C.C.P. art. 966(B); Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La. 6/30/00), 764 So.2d 37, 40; see also LSA-C.C.P. art. 967(B).

CONCLUSION
Based on the foregoing, the judgment of April 1, 2008, denying East-West of Metairie, Inc.'s motion for summary judgment and granting summary judgment in favor of Chalmous Stewart, recognizing him as the sole owner in perfect ownership of Lot 7, Pine Creek Estates, CB 927 872, CB 1347 736, and CB 1465 589, and forever enjoining and prohibiting East-West of Metairie, Inc. from claiming or setting up any right, title, or interest in and to that property or any portion of it, is affirmed. All costs of this appeal are assessed to East-West of Metairie, Inc.
AFFIRMED.
McCLENDON, J., concurs and assigns reasons.
Based on the supreme court's decision in Hamilton v. Royal Int'l Petroleum Corp., 05-846 (La. 2/22/06), 934 So.2d 25, cert, denied, 549 U.S. 1112, 127 S.Ct. 937, 166 L.Ed.2d 704 (2007), I respectfully concur in the result reached by the majority.
NOTES
[1] The corporation was formerly named East-West, Inc. The name was changed in March 2000.
[2] Louisiana Revised Statute 47:2180 was repealed by 2008 La. Acts, No. 819, § 2, effective January 1, 2009. The repealed statutes have been replaced with the enactment of new Chapter 5 of Subtitle III of Title 47 by 2008 La. Acts, No. 819, § 1. Of course, the former provisions apply to this matter, since the tax sale at issue occurred in 2002.
[3] See LSA-R.S. 47:1958(B).
[4] The record shows that CB 1347 736 was a tax sale for 1987 delinquent property taxes on Lot 7; CB 1465 589 was East-West's redemption of Lot 7 from that tax sale.
[5] Louisiana Revised Statute 47:2184 was also repealed by 2008 La. Acts, No. 819, §2, effective January 1, 2009. It previously stated that the tax sale must convey and the purchaser must take the whole of the property assessed to the delinquent taxpayer if that was the least quantity sufficient to satisfy the aggregate of all taxes, interest, penalties, and costs. If the property was divisible in kind and a part of the whole was sufficient to satisfy the aggregate charges, the collector was to require the bid or bids to be for such lesser portion of the whole property as would satisfy such charges. However, in determining if the property was divisible in kind, the description of the property on the assessment rolls was binding on the tax collector, and the tax collector could not be required and was prohibited from dividing the property into smaller quantities than that contained in the description of the property contained on the assessment rolls. LSA-Const. art. VII, § 25(A)(1) also requires the tax collector to sell the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs.
[6] See LSA-Const. art. VII, § 18(B), regarding ad valorem tax rate of 10% for land.
[7] Louisiana Revised Statutes 47:2180 and 2186 were also repealed by 2008 La. Acts, No. 819, § 2, effective January 1, 2009.