HIGGINBOTHAM, J.
|aThis appeal involves the trial court’s dismissal of a petition to confirm tax title concerning a tract of immovable property located in Baker, Louisiana.
BACKGROUND
The property at issue, Lot 3 of the Stringer Subdivision at 1006 Main Street in Baker, was first acquired by defendant, T & L Grocery, LLC, on July 25, 2000, along with Lots 1 and 2 in the same subdivision. T & L Grocery’s principal place of business was described in the Act of Cash Sale as “930 E. Mount Pleasant Road, Zachary, Louisiana 70791,” which also happened to be the home address for T & L Grocery’s managing member and registered agent, Herbert L. Breaux, Jr., who had executed the act of sale on T & L Grocery’s behalf. The sale was recorded in the East Baton Rouge Parish conveyance records on August 2, 2000.
T & L Grocery failed to pay the ad valorem property taxes that were due on the property for the 2001 tax year. The tax delinquency resulted in the June 12, 2002 tax sale of Lot 3 to tax sale purchaser, Munitax Fund, LLC. The tax sale deed was recorded in the conveyance records of East Baton Rouge Parish on June 28, 2002. Eventually, through a series of quitclaim deeds executed over several years following the tax sale, plaintiff, Marquee Acquisitions, LLC, acquired title to Lot 3 on September 27, 2012. The quitclaim deed conveying the interest in Lot 3 to Marquee Acquisitions was recorded in the East Baton Rouge Parish conveyance records on October 31,2012.
Marquee Acquisitions filed suit against T & L Grocery on January 9, 2013, seeking to have its sole ownership interest and title to Lot 3 confirmed and quieted in accordance with La. Const, art. VII, sec. 25, and La. R.S. 47:2266.[1] In its petition, Marquee Acquisitions alleged that more than five years had passed since the *184 ^recordation of the 2002 tax sale deed, and that the property had not been redeemed. After T & L Grocery answered the lawsuit, the case proceeded to trial in due course. At trial, T & L Grocery sought nullification of the 2002 tax sale on the basis that it had never been provided proper notice of the 2001 tax delinquency or 2002 tax sale as required by law. Additionally, T & L Grocery attempted to prove that its registered agent, Mr. Breaux, had actually redeemed the disputed property on July 12, 2012, when he paid the taxes that were due and owing after Munitax Fund failed to pay taxes that were due for the years 2007 to 2011, resulting in the property being adjudicated to the state. The main issue at the October 6, 2015 bench trial concerned the disputed ownership of Lot 8.
At trial, Marquee Acquisitions relied solely upon exhibits, emphasizing the recorded 2002 tax sale deed as prima facie proof that the initial tax sale was valid, and pointing to a series of quitclaim deeds wherein it acquired ownership of Lot 3. Marquee Acquisitions also urged the trial court to decide the validity of the 2002 tax sale before looking at the effect of Mr. Breaux’s attempted redemption in 2012. Similarly, T & L Grocery offered exhibits at trial as evidence that it was the record owner of the disputed property and that Mr. Breaux had redeemed the property in 2012. T & L Grocery also offered the testimony by Mr. Breaux that he was the registered agent for T & L Grocery and that he had never received notice concerning the 2002 tax sale.
Neither party offered any evidence of the actual notification letter that was allegedly sent to T & L Grocery. Marquee Acquisition offered a copy of a return receipt “green card” with the purported signature of Mr. Breaux’s wife, which was admitted into evidence; however, the green card did not reference Mr. Breaux’s name anywhere and there was no indication of the date that the green card was factually signed or when the alleged notification letter was delivered.[2] Mr. Breaux testified that his home address had always been the proper location for sending a notice to T & L Grocery. He denied, however, that his wife had any authority to receive service of notices concerning T & L Grocery. Mr. Breaux also stated that his "wife never gave him any letter notifying him of the 2002 tax sale.
At the conclusion of the trial, the trial court ruled that T & L Grocery had not been properly notified of the 2002 tax sale, finding that the notice should have been sent to Mr. Breaux as T & L Grocery’s managing member or legal representative. A judgment was signed in accordance with that reasoning on December 1, 2015. The judgment denied Marquee Acquisition’s petition to confirm tax title and dismissed the entire matter with prejudice. In the judgment, the trial court specifically held that proper notification of a limited liability company’s delinquent taxes under La. R.S. 47:2180 requires notice to be sent to the managing member or legal representative of the limited liability company, which was not done in this case. Marquee Acquisition appeals.
DISCUSSION
It is well settled that the sale of property for nonpayment of taxes is an action affecting a property right that is protected by the Due Process Clause of the Fourteenth Amendment to the United *185 States Constitution and Article I, Section 2 of the Louisiana Constitution. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983); Smitko v. Gulf South Shrimp, Inc., 2011-2566 (La. 7/2/12), 94 So.3d 750, 755-56. Due process requires notice that is “reasonably calculated under all circumstances” to apprise interested parties of the pendency of the action and afford them an opportunity to present their | ^objections. Smitko, 94 So.3d at 756 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).
Article VII, Section 25(A) of the Louisiana Constitution requires the tax collector (in this case, the Sheriff of East Baton Rouge Parish) to provide notice of a tax delinquency and the tax sale to all owners of record of any interest in the property. Smitko, 94 So.3d at 756. In former La. R.S. 47:2180,[3] which was in effect at the time of the initial 2002 tax sale in this case, the legislature set forth the manner by which notice of delinquencies in immovable property taxes must be provided in compliance with La. Const. art. VII, sec. 25. Smitko, 94 So.3d at 756. Former La. R.S. 47:2180, titled “Immovable property, notice of delinquency,” provided in pertinent part, with emphasis added:
A. (1)(a) On the second day of January each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes which have been assessed to him on immovable property or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
$ ‡ ⅜
B. The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by certified mail or may make personal or domiciliary service on the taxpayer. In the event the certi- ■ fled notice is returned as being undeliverable by the post office, the tax collector may comply with Article 7 Section 25 'of the .Constitution of Louisiana and the provisions of this Section by advertising the tax debtor’s property in the advertising required for unknown owners in Subsection C of this Section. After the tax collector shall have completed the service by the notices herein required, either by mail or by personal or domiciliary service, he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxés due and how the service of notice was made.
* * *
| sin summary, the law in effect at the time of the 2002 tax sale required the tax collector to provide each taxpayer with written notice, sent by certified mail re *186 turn receipt requested or personal or domiciliary service, alerting each record owner of the immovable property that the owner’s failure to pay the taxes within twenty days would result in the sale of the property. The evidence in this case clearly reveals that T & L Grocery was the record owner of the property in dispute at the time of the 2002 tax sale. However, the record is void of any evidence that notice was sent to T & L Grocery by certified mail or by personal or domiciliary service at the address of its registered agent for service of process, which was readily ascertainable from the public records. Moreover, the return receipt green card evidence was not attached to any written notice and the delivery date that was written on the green card is not legible and is incomplete in that no year is listed. Additionally, absent from the record is proof of a properly executed and filed proces verbal that would indicate that the tax collector complied with the tax sale notice requirements of former La. R.S. 47:2180. Without the proces verbal, there essentially is no evidence in the record that the tax collector properly gave notice of the 2002 tax sale to the record owner, T & L Grocery. See Jamie Land Co., Inc. v. Jones, 2005-1471 (La.App. 1 Cir. 6/9/06), 938 So.2d 738, 740, writ denied, 2006-1735 (La. 10/6/06), 938 So.2d 86.
The jurisprudence in this state emphasizes the principle that “notice is a constitutional requirement, and want of notice is fatal to a tax sale.” Smitko, 94 So.3d at 757 (quoting Lewis v. Succession of Johnson, 2005-1192 (La. 4/4/06), 925 So.2d 1172, 1177). Pursuant to La. Const. art. VII, sec. 25(A), a tax deed issued by a tax collector is prima facie evidence that a valid sale was made, but that presumption may be rebutted by the record owner’s showing that the required notice was not sent. See Smitko, 94 So.3d at 757-58. See also Cressionnie v. Intrepid, Inc., 2003-1714 (La.App. 1 Cir. 5/14/04), 879 So.2d 736, 739. Mr. Breaux clearly 17testified that T & L Grocery never received notice of the 2002 tax sale. At that point, it became Marquee Acquisition’s burden to prove that all requisites for a valid tax sale were complied with. See Cressionnie, 879 So.2d at 739. Further, in the absence of a proces verbal, Marquee Acquisition had the burden to show by clear and convincing evidence that the necessary notice was conveyed to T & L Grocery. See Jamie Land Co., 938 So.2d at 740. Marquee Acquisition’s exhibits do not prove anything related to the required notice; thus, we find that Marquee Acquisition’s petition to confirm tax title was properly dismissed.
We further note that the portion of the trial court’s judgment declaring what proper notice should have been sent to T & L Grocery was unnecessary since there is absolutely no evidence in the record that T & L Grocery was ever provided any written notice by the tax collector. Thus, it is irrelevant whether the required notice should have been sent by certified mail with return receipt requested or by personal or domiciliary service of the notice to T & L Grocery’s registered agent for service of process. That portion of the trial court’s judgment is purely orbiter dicta and is not binding nor does it have any effect on the ultimate dismissal of Marquee Acquisition’s petition to confirm tax title. See Meaux v. Wendy’s Intern., Inc., 2010-2613 (La. 5/13/11), 69 So.3d 412, 413 (per curiam on rehearing); Boyd v. Wackenhut Corp., 2008-1388 (La. 10/24/08), 993 So.2d 216, 217 (per curiam). We emphasize that T & L Grocery, as the record owner of the property at issue, was entitled to sufficient written notice before the 2002 tax sale and any failure to comply with the due process notice requirement renders the tax sale an absolute nullity. See Smitko, 94 So.3d at 759.
*187 Additionally, because the trial court’s judgment did not actually decree that the 2002 tax sale was a nullity, we hereby amend the judgment to decree that the 2002 tax sale was an absolute nullity for lack of the required notice. However, pursuant to La. Const. art. VII, sec. 25(C), “[n]o judgment annulling a tax sale shall | shave effect until the price and all taxes and costs are paid, and until ten percent per annum interest on the amount of the price and taxes paid from date of respective payments are paid to the [tax sale] purehaser[.]” See Mooring Tax Asset Group, L.L.C. v. James, 2014-0109 (La. 12/9/14), 156 So.3d 1143, 1148 (“the judgment of nullity cannot be effective until the tax purchaser is reimbursed taxes, costs, and interest”). A declaration of absolute nullity of a tax sale does not entitle the delinquent taxpayer to the immediate cancellation of the tax sale deed. See Id., 156 So.3d at 1148-50. In order for the nullity to be effected through a cancellation of the tax sale deed, the tax sale purchaser must be restored to the situation that existed before the tax sale. See Id., 156 So.3d at 1150.
The record before us does not contain evidence of the amount that must be reimbursed to the tax sale purchaser in order for T & L Grocery to obtain a cancellation of the 2002 tax sale. Because that determination must be made by the trial court, we remand to the trial court for a hearing to determine the reimbursement owed so that T & L Grocery may obtain a cancellation of the tax sale. See Surcouf v. Darling, 2015-0278 (La. App. 4th Cir. 10/21/15), 177 So.3d 1085, 1095. Accord Robertson v. Stonecreek Builders, LLC, 50,798 (La. App. 2 Cir. 8/10/16), 200 So.3d 851, 866; Cititax Group, LLC v. Gibert, 2015-0371 (La. App. 4th Cir. 9/23/15), 176 So.3d 625, 631.
DECREE
For the assigned reasons, we amend the trial court’s judgment to reflect that the 2002 tax sale of T & L Grocery, LLC’s immovable property is an absolute nullity for want of notice required by due process of law. As amended, we affirm the trial court’s judgment dismissing Marquee Acquisitions, LLC’s petition seeking to confirm tax title; and we remand for further proceedings consistent with this opinion. All costs of this appeal are assessed to Marquee Acquisitions, LLC.
AMENDED AND, AS AMENDED, AFFIRMED; REMANDED.

. Additionally, Marquee Acquisitions named several lienholders as defendants, along with the East Baton Rouge Parish Clerk of Court, but withheld service on those other defendants. This appeal concerns only the ownership interests of Marquee Acquisitions and T & L Grocery.

. The date of delivery on the return receipt green card admitted into evidence is indecipherable and incomplete. It appears to be either "9-2” or "1-2" with no indication of the year of the delivery.

. Louisiana Revised Statute 47:2180 was repealed by 2008 La. Acts, No. 819, § 2, effective January 1, 2009. Section 1 of Act No. 819 enacted current La. R.S, 47:2153(A) and (B), which generally reproduce the substance of the former statute with certain modifications. See La. R.S. 47:2153, Comments-2008(a). See also Smitko, 94 So.3d at 756, n.6.