401 So.2d 962 (1981)
Dorothy Lozano HUBBS, et al.
v.
Carlo CANOVA, et al.
No. 81-C-0014.
Supreme Court of Louisiana.
July 2, 1981.
Patrick W. Pendley, Freeman & Pendley, Plaquemine, for defendant-applicant.
Hamlet D. May, Baton Rouge, for plaintiff-respondent.
BLANCHE, Justice.
This is a dispute over land ownership. At issue is the validity of a 1969 tax sale. Plaintiffs [1] filed a class action in 1979 to assert title to land interests in Iberville Parish, which were purchased by defendants[2] *963 at the sale. Plaintiffs asked judgment declaring the tax sale null and void. The trial court sustained exceptions of prescription and res judicata and dismissed plaintiffs' suit. The court of appeal reversed, holding the tax sale and the judgment confirming it to be nullities. Hubbs v. Canova, 392 So.2d 486 (La.App. 1 Cir. 1980). A writ was granted to review the judgment. 396 So.2d 1326 (La.).

FACTS
In 1856 and 1859 Charles Lozano, married to Marguerite Breaux, acquired ownership of the north one-half of section 52 and the northwest quarter of section 43, Township 8 South, Range 11 East, Iberville Parish. The property comprised one contiguous tract, from which Lozano sold three small parcels. Marguerite Breaux Lozano died in 1862 and her community interest in the unsold property descended to her children. No succession proceeding was opened.
Charles Lozano later died and his son Louis purchased his father's interest in 1878. Louis Lozano also had acquired small interests from his mother and deceased siblings, giving him a 390/672 interest. This interest was sold to A. Wilbert Sons Lumber & Shingle Co. and Joseph A. Grace at an estate sale.
Plaintiffs claim title from Marguerite Breaux Lozano and allege that there are 65 living heirs and/or assigns to her interest in the land. Plaintiffs assert that their interest was first placed on the tax rolls in 1968, assessed as follows:
Heyeau, Lester F., et al 128¾ Part NW/4 Section
2663 E. Lee Boulevard 43; Part NE/4 Section 52;
New Orleans, LA Part NW/4 Section 52;
 East of Bayou Gross Tete
 T. 8 S. R 11 E. Cut over
 Lands 128¾ ac. 200
According to plaintiffs, Lester F. Hezeau, not Heyeau, is one of those owning an undivided portion of their interest in the land.
The name "Lester F. Hezeau" appears in a document filed in the conveyance records in Iberville Parish. In 1958, 41 individuals signed a "Stipulation of Interests" agreement concerning the NW/4 of Section 43 and the N/2 of Section 52, Township 8 South, Range 11 East, Iberville Parish. This stipulation was filed in the conveyance records in connection with mineral leases to the Aluminum Company of America and served as the basis for division orders setting out the amount of royalties due to each lessee. The tax assessment was in 1968, ten years after this stipulation of interest was filed. The assessment may have been based upon the stipulation. However, A. Wilbert's Sons Lumber & Shingle Co. was a party to the stipulation, and the Wilbert interest was not included in the assessment and tax sale.
At a tax sale on June 25, 1969, defendant purchased for $19.07 the property described in the assessment:
"Part NW/4 Section 43; Part NE/4 Section 52; Part NW/4 Section 52; East of Bayou Gross Tete T.8 2. R. 11 E. Cut Over Land 128 ¾ acres 200."
Defendants received a judgment of monition in August of 1977. On October 31, 1977 there was a judgment confirming and homologating the tax sale. The property description in these judgments is a shorter version of the description in the assessment and tax sale:
"Part NW/4 Sec. 43, part NE/4 Sec. 52, part NW/4 Sec. 52, E. of Bayou Gross Tete, T-8-S, R-11-E."
At the request of the trial court, plaintiffs and defendants stipulated what the various interests of the "Lozano heirs" were at the time of the tax sale:
"The `Wilberts' owned 390/672 and the `Lozanos' owned 282-672 of the entirety of the Northeast Quarter Section 52 and Northwest Quarter Section 43, Township 8 South, Range 11 East, Iberville Parish, Louisiana, both lying in their entirety east of Bayou Gross Tete, at the time of the tax sale ... The land lying east of Bayou Gross Tete the in Northwest Quarter Section 52, Township 8 South, Range 11 East, on the date of the tax sale, *964 consisted of three tracts of land as follow: a. Seven arpent tractWilberts 100% ownership; b. Twenty-seven arpent tractNereaux heirs100% ownership; c. Twenty-five arpent tractWilberts 390/672; Lozano282/672 ...
"The Northeast Quarter Section 52, Township 8 South, Range 11 East, contains 159.40 acres according to the Louisiana Land Office patent number 6498, dated May 11, 1859 ...
"The northwest Quarter Section 43, Township 8 South, Range 11 East, contains 162.06 acres according to the Louisiana Land Office patent number 7043, dated August 11, 1859."
Defendants allege that plaintiffs' cause of action has "perempted and prescribed." (Tr. 55) Art. 7 § 25, LSA-Const. 1974; Art. 10 § 11, Constitution of 1921. Defendants also claim res judicata, contending that the judgment confirming the tax sale bars all attacks due to illegality or informality in the proceedings.
The trial judge sustained defendants' exceptions. The court of appeal reversed, holding that "... the assessment and subsequent tax sale ... are null and void because the names of all co-owners are not given, ... and the acreage is given as if it were total acreage without its being indicated that the interest in the tract in question is an undivided interest." 392 So.2d 488.

CONCLUSION
An assessment which purports to assess unidentified land is not valid. Here, the descriptions in the assessment and tax sale do not reasonably identify the property sought to be assessed and conveyed or provide any means by which it can be reasonably identified. As a result of the deficient property description, there was no true assessment of plaintiffs' property. The subsequent tax sale was invalid for lack of a requisite assessment and because the property conveyed cannot be identified. A judgment in a monition proceeding confirming and homologating a tax sale cannot cure an absolute nullity.
Plaintiffs' suit is not barred by the five year period in Art. 7 § 25 of the 1974 Constitution and in Art. 10 § 11 of the 1921 Constitution, due to the insufficiency of the property description. "[W]here there has been a lack of an assessment, meaning lack of a sufficient description of the property to identify it, time does not run. Ewald v. Hodges, 239 La. 883, 120 So.2d 465 (1960); Mansfield Hardwood Lumber Co. v. Butler, 234 La. 322, 99 So.2d 129 (1958)...." Gulotta v. Cutshaw, 283 So.2d 482 at 491 (La., 1973).
When there is an error in the description of land to be assessed, the tax sale is still valid if the land can be reasonably identified or the description furnishes the means for identification. Knapp v. Jefferson-Plaquemines Drainage Dist., 224 La. 105, 68 So.2d 774 (1953); LSA-R.S. 47:2181. If the description is defective, resort may be had to evidence outside the assessment roll or tax deed to identify the property, provided such evidence unmistakably establishes the identity of the property. Knapp, supra. The question is whether the description would enable an interested party to identify the property sought to be assessed and conveyed. Tillery v. Fuller, 190 La. 586, 182 So. 683 (1938); Jackson v. Irion, 196 La. 728, 200 So. 18 (1941); Yuges Realty v. Jefferson Parish Developers, 205 La. 1033, 18 So.2d 607 (1944).
The property description here is inadequate. It reads:
"Part NW/4 Section 43; Part NE/4 Section 52; Part NW/4 Section 52; East of Bayou Gross Tete T. 8 S., R 11 E Cut over land 128¾ acres 200."
This does not reveal whether all or part of the three quarter sections were included in the assessment. Therefore, the name in which the land was assessed becomes significant. The assessment is in the name of "Lester F. Heyeau, et al". This indicates that the land is owned by more than one person, and might be owned by Lester F. Heyeau and others in indivision. However, there is no clue in the property description as to the identity of "et al". All of the *965 northwest quarter of section 43, the northeast quarter of section 52 and the northwest quarter of section 52 were not assessed and transferred in the tax deed. Only the interests of the Lozano heirs were included. The property description itself gives no indication of this. The Wilberts are owners in indivision with the Lozano heirs.[3] The Wilberts and the Meraux heirs also own a portion of the northwest quarter of section 52. All of these ownership interests fall within the three quarter sections referred to in the property description.
There is nothing in the property description to reasonably identify or furnish the means to reasonably identify the property sought to be assessed as that which was owned by the Lozano heirs at the time of the tax sale.
Had the property at issue belonged to only one person in whose name it was assessed, or had it belonged to more than one person and been assessed in the name of all of the owners, a search of the conveyance records might have provided a certain identification of the property. Even with only one owner identified, the assessment might have been sufficient if the description were adequate, since a records search of his name might have revealed his undivided ownership interest in particularly described property. Here, however, only a portion of the described land was assessed and sold, and only the portions that were owned by a certain group of owners. Others own interests in the three sections in indivision with these "assessed co-owners".
The description in the assessment and tax title was so vague and broad it could have encompassed the entirety of the three sections described. It is only plaintiffs' allegations that it was the "Lozano heirs" interest assessed, and the stipulation of the parties as to the extent of that interest that there is any indication of what portions of the described sections were conveyed and assessed.
"Lester F. Heyeau, et al" is not an identifiable group of land owners on the record. It is necessary to identify the exact owners of the land in order to identify the land itself because of the vague and overbroad description.
A tax sale can be attacked despite the five year prescriptive period where the property assessed and conveyed cannot be reasonably identified. Because of a defective description this tax sale was an absolute nullity.
For the foregoing reasons, the judgment of the court of appeal is affirmed, and the matter is remanded to the trial court for further proceedings.
AFFIRMED AND REMANDED.
LEMMON, J., concurs and will assign reasons.
NOTES
[1] Plaintiffs are Dorothy Lozano Hubbs, Alfred E. Hezeau, Sr., William A. Putnam and Ethel Louise Calhoun, nee Putnam. They filed suit on behalf of all the "Lozano heirs."
[2] Defendants are Carlo Canova and Patrick Pendley.
[3] According to the 1978 Stipulations of Interests filed in connection with the mineral lease of the land, A. Wilbert's Sons Lumber and Shingle Co. owned a 911/1536 (a .593099 fractional interest) in the land, and the remaining undivided interest was owned by individuals referred to by the parties as "the Lozanos". These individuals held varying fractional interests in the land (e. g. Lester Hezeau, apparently the "assessed co-owner", owned a .00797 fractional interest, Sally Lozano Cassady a .042752 fractional interest, Charles Lozano Lynn a .021375 fractional interest, etc.).