WILLIAMS, J.
hThe plaintiffs, Kenneth Webb, Rosey Farris, Gerald Dowden and Vellen Dow-den, appeal a judgment denying their motion for summary judgment and granting summary judgment in favor of the defendants, Louisiana Department of Natural Resources, Exco Operating. Co., ■ LP, BG U.S. Production Company, LLC, Long Petroleum, LLC, True Oil, LLC, Burk Royalty Co., Ltd., Bienville Investments, Kim-bell Family Resources, Ltd., Holloway Energy, LLC, OGM, LLC, J-W Operating Company, Westerman, Ltd.,- Wester-man Royalty Company and CAWLA # 3, LLC. For the following reasons, we affirm.
FACTS
In January 1929, in the Succession of A.V. Loftus, a judgment of possession placed the surviving spouse-and children of Loftus into possession of land in DeSoto Parish described as: North half of Northeast .Quarter, and Southeast Quarter of Northeast Quarter, Section 8, Township 14 N, Range -13 W; less three acres sold to Adam Ferris, containing 117 acres. The judgment was filed in the conveyance records of DeSoto Parish.
In 1938, the DeSoto Parish Assessor issued a tax assessment in the name of A.V. Loftus Estate for land in DeSoto Parish. The assessment described the property as 217 acres being the “Njé NE, Sec 8„ SW NE Sec 8 Less 3 a. in SW Corner of SW SE Sec. 8 T14 R13 and 60A.” After the tax of $35.97 was not paid, the property assessed to the Loftus-Estate was conveyed to the State of Louisiana by tax adjudication deed recorded in November 1939. The adjudication deed der scribed the property as “177 acres of land, N jé of NE 1/4 ■ (less three acres in SW Corner) and SE 1/4 of |aNE 1/4 Sec 8; SW 1/4 of SE 1/4 and Wfc SE 1/4 of SE 1/4, Sec 5 T14 R13.” In 1943, the State conveyed the 177-acre tract to Wilton Smith by “Patent Deed” and- reserved the interest in minerals. In 1944, the heirs of A.V. Loftus executed a quitclaim deed conveying to Wilton. Smith whatever rights they *44 possessed in the land described in the adjudication deed.
As owner of the minerals, the State executed mineral leases covering this tract of land. Through assignments of the leases over time, the defendants drilled or operated wells within units that encompassed the 177-acre tract. After various conveyances, Kenneth Webb and Rosey Farris acquired ownership of their portion of this tract by deeds in 1994. Gerald Dowden and his wife, Vellen Dowden, acquired ownership of their portion of this tract by deed in 1997. Webb has since sold a portion of his surface rights in the land, but reserved a mineral servitude in each act of sale. ■
In 2011, the plaintiffs, Kenneth Webb, Rosey Farris, Gerald Dowden and Vellen Dowden, filed a petition to annul the tax sale and cancel mineral leases against the defendants, the State and the lessees and assignees of the mineral leases executed by the State. The plaintiffs then filed a supplemental petition stating their chain of title to the 177-acre tract of land. The defendants filed exceptions of peremption, no cause of action and no right of action. Plaintiffs argued that their claims were not perempted because: (1) notice of the 1939 tax sale was not properly sent to the Lof-tus hems, in violation of their Fourteenth Amendment due process rights; (2) notice of the Patent Deed to Smith was not properly sent to the Loftus heirs in violation of their Fourteenth Amendment due process rights; (3) the tax ^adjudication deed was absolutely null because it was based on a defective assessment .that was in effect no assessment; and (4) the tax adjudication deed was absolutely null because a portion of the property description was nonsensical so that identifying the. land was impossible. .
Initially, the trial court denied all of the defendants’ exceptions. However, after the Louisiana Supremé Court’s decision in Quantum Resources Management, LLC v. Pirate Lake Oil Corp., 2012-1472 (La.3/19/13), 112 So.3d 209, the trial court granted the defendants’ exceptions of per-emption as to the .plaintiffs’ two contentions regarding a lack of notice stated above. The parties then filed cross motions for summary judgment, on the remaining issues of whether the adjudication deed was null because the underlying assessment was deficient or because the deed’s property description was defective.
After a hearing, the trial court issued a written ruling finding that the property .descriptions in the assessment and the tax deed were sufficient to place those interested in redemption on notice of the land’s location and to give notice of the adjudication. The trial court rendered judgment denying plaintiffs’ motion for summary judgment, granting defendants’ motions for summary judgment and dismissing the plaintiffs’ claims. The plaintiffs appeal the judgment.
' DISCUSSION
The plaintiffs contend the trial court erred in granting summary judgment in favor the defendants. Plaintiffs argue that the 1939 tax adjudication is an absolute nullity because it is based on a tax assessment Rwhich is so defective as to be no assessment at all.
Tax sales are presumed valid and a tax deed shall be prima facie evidence of the validity of the tax sale. Koeppen v. Raz, 29,880 (La.App.2d Cir.10/29/97), 702 So.2d 337. The party attacking the tax sale has the burden of proving the sale was invalid. Commercial Nat. Bank in Shreveport v. Dance, 27,337 (La.App.2d Cir.9/27/95), 661 So.2d 551. No tax sale shall be set aside except for a payment nullity, a redemption nullity or a nullity for *45 a prohibited sale. The action to annul shall be filed in the district court of the parish where the land is located. LSA-R.S. 47:2286.
In their brief, plaintiffs initially argue that the defendants have the burden of proving that the State’s mineral servitude is valid because plaintiffs’ action to annul the tax adjudication is a form of the general “negatory action” to clear their title' to the mineral rights.. However, plaintiffs’ action under Section 2286 seeks to annul a tax sale, which is presumed valid. Thus, in this case plaintiffs have the burden of proving that the 1939 tax adjudication is not valid. In attacking the validity of the tax sale, plaintiffs argue that because there is effectively no assessment in this case the subsequent tax adjudication is a nullity and their action is not barred by the constitutional peremptive period.
A sale of property for taxes shall not be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within five years from the date of the recording of the tax deed. La. Const. Art. 7, Sec. 25 (formerly Art. X, Sec. 11). After the lapse' of five years, a tax sale may be set aside only for prior |spayment of the taxes, continued physical possession of the property by the tax debt- or and no assessment. Gulotta v. Cutshaw, 283 So.2d 482 (La.1973) (on reh’g).
A tax sale that contains a property description so vague that the property to be sold cannot'be identified is no sale and the peremptive periods specified in the constitution do not apply. Yuges Realty v. Jefferson Parish Developers, 205 La. 1033, 18 So.2d 607 (La.1944). However, when the property description in a tax assessment or tax deed, although imperfect, is reasonably sufficient to identify the property or-furnishes the means for identification,- the constitution’s peremptive period will cure any irregularities in the assessment or sale. Yuges, supra.
Where a tax sale is made in the name of an owner and an error is made in the description of the land intended to be assessed, the tax sale under such assessment is valid if, notwithstanding the error, the land can be reasonably identified by the assessment or the description as found in the tax deed. Knapp v. Jefferson-Plaquemines Drainage Dist., 224 La. 105, 68 So.2d 774 (1953). If the assessment has a defective property description, then evidence outside the assessment or tax deed may bé used to identify the property, provided such evidence unmistakably establishes the identity of the property. Hubbs v. Canova, 401 So.2d 962 (La.1981). The question is whether the description would enable an interested party to identify the property sought to be assessed and conveyed. Hubbs, supra.
Appellate courts review summary judgments ■ de novo, using the same criteria that govern the trial court’s consideration of whether summary | (judgment is appropriate. Argonaut Great Central Ins. Co. v. Hammett, 44,308 (La.App.2d Cir.6/3/09), 13 So.3d 1209, writ denied, 2009-1491 (La.10/2/09), 18 So.3d 122; Whitaker v. City of Bossier City, 35,972 (La.App.2d Cir.4/5/02), 813 So.2d 1269. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
The burden of proof remains with the mover. However, if the mover will not bear the burden of proof at trial on the matter before the court, then the mover is not required to negate every essential element of the adverse party’s claim, action *46 or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or defense. If the adverse party fails to produce factual support to show that he will be able to satisfy his evidentiary burden of proof at trial, then there is no genuine issue of material fact. LSA-C.C.P. art. 966(C).
In their brief, plaintiffs point out that the assessment description does not list “Section 5” and refers to SW/4 of NE/4 and not SE/4 of NE/4 as in the tax deed. However, we note that the assessment description lists an additional 60 acres. The tax deed description identifies the 60 acres as located in Section 6. Further, the 1929 succession of Loftus judgment indicates that the assessment description should read SE/4 of NE/4, as stated in the tax deed description'. In addition, plaintiffs have not shown that the |7situation in this case is similar to that of Hubbs, in which the court found a tax sale was null because the assessment description included ownership interests other than that of the heirs whose property was being assessed and sold.
Plaintiffs, also allege that the assessment is defective because it fails to identify the exact land owners. Contrary to the plaintiffs’ contention, the supreme court has stated that for the purpose of peremption under the constitution, it is immaterial whether the assessment was made in the name of the true owner or in the name of another or in no name. Quantum Resources, supra; Gulotta, supra; Yuges, supra. Thus, any irregularity in the name used on the assessment is cured by the five-year peremptive period in the constitution.
Based upon the property descriptions in the 1938 assessment, the 1939 tax adjudication deed and the 1929 succession of Loftus judgment contained in the conveyance records, we cannot say .the district court erred in concluding that the description in the assessment is reasonably sufficient to enable an interested person to identify the property to be assessed. Thus, the assignment of error lacks merit.

Tax Adjudication Deed

The plaintiffs contend the trial court erred in failing to address their allegation that the property description in the tax adjudication deed is defective. Plaintiffs argue that the tax deed property description fails to identify a particular tract of land because the description does not identify the “shape” of the three acres excluded from the sale.
[«When the description in the tax deed does not identify what property was sold, the tax sale is null. Gram Realty Co., Inc. v. Northern Homes, Inc., 308 So.2d 502 (La.App. 1st Cir.1975). Where a tax sale is null because the land described could not be identified, the constitutional peremption has no application. Jackson v. Bernstein, 39 So.2d 120 (La.App. 2d Cir. 1948).
In the present case, plaintiffs presented affidavits of E.J. French, a civil engineer, and Randall Hilton, a surveyor, who testified that they could not mark the description on the ground because the language “less three acres in the SW corner” is meaningless and has no shape. In their brief, plaintiffs argue that the tax sale is null because the tax deed does not exactly describe the excluded three acres. Contrary to plaintiffs’ argument, the authority they cite does not support their position that a valid tax sale requires that the tax deed property description meet the standards of a surveyor’s plat. The affidavits do not show that the property description is insufficient to allow an interested person to identify the property.
The cases cited by plaintiffs all involved the adequacy of the description of proper *47 ty to be conveyed. Here, in contrast, the three acres listed in the tax deed was land sought to be excluded from the sale. In Jackson, supra and Gram, supra, the court found invalid tax deed- property descriptions that sought to convey property described as a certain number of acres in a corner of larger tracts. Unlike the property descriptions in those cases, the 1989 adjudication deed in this case does not seek to convey some number of acres in a corner of larger tracts, but instead describes specific |9quarters and particular sections of land to be conveyed.
The evidence presented, including the prior adjudication deed and the 1936 redemption certificate, demonstrates that the property description in the 1939 tax adjudication deed, when considered with the other documents in the conveyance records, is sufficient tó reasonably identify the property sought to be conveyed in the tax'sale. Thus, based upon this record, the district court correctly concluded that the tax deed description was adequate to place those interested in' redemption on notice of the adjudication of the property. Consequently, the five-year peremptive period in the constitution precludes the plaintiffs’ action.' Therefore, the court did not err in granting the defendants’ motions for summary judgment and denying the plaintiffs’ motion for summary judgment. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. Costs of this appeal are assessed to the appellants, Kenneth Webb, Rosey Farris, Gerald Dowden and Vellen Dowden.
AFFIRMED. ■