# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 16-250


**FREDERIC STELLY, JR., ET AL.**

**VERSUS**

**TERRY JOSEPH BLANCHARD, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 80,672
HONORABLE EDWARD LEONARD, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## D. KENT SAVOIE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**REVERSED AND REMANDED.**

Samuel E. Masur
Paul B. Simon
Gordon, Arata, McCollam, Duplantis & Eagan, LLC
400 East Kaliste Saloom Rd., Ste. 4200
P. O. Box 81829
Lafayette, LA 70598-1829
(337) 237-0132
COUNSEL FOR APPELLANTS:
    Frederic Stelly, Jr.
    Elizabeth Stelly
COUNSEL FOR INTERVENOR:
    Ashley S. Green

Keith E. Thibodeaux
Attorney at Law
422 South Main Street
St. Martinville, LA 70582
(337) 394-3034
COUNSEL FOR DEFENDANTS/APPELLEES:
    Terry Joseph Blanchard
    Donna Broussard Blanchard
    Steven Daniel Blanchard
    Amanda Domingue Blanchard
    Brandy Blanchard Sickey
    Lyndon Sickey

Remy Jardell
Attorney at Law
625 St. John Street
Lafayette, LA 70501
(337) 267-0985
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Frederic Stelly, Jr.
    Elizabeth Stelly

**SAVOIE, Judge.**

Plaintiffs appeal the trial court's judgment granting Defendants' exception of prescription as to Plaintiffs' claim seeking to annul a tax sale. For the reasons that follow, we reverse the ruling of the trial court and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In their petition, Plaintiffs, Frederick and Elizabeth Stelly, state that they "recently acquired" all of Doris Bijeaux's interest in "a certain 40 acre tract of land situated in the North Half of the Northeast Quarter of Section 1, Township 9 South, Range 6 East," in St. Martin Parish, Louisiana. This property is referred to by the parties as "the Troisimond Bijeaux Tract." Plaintiffs allege that Doris, who was Trosimond's granddaughter, was Trosimond's heir, and "possessed not less than a 1/7 undivided interest" in this property. It is unclear from the record how or when Doris or the Plaintiffs acquired this property.

Plaintiffs suggest in their petition that a June 8, 2007 tax sale transferring property to Marlin d'Augereau involves the same property they acquired from Doris Bijeaux. They assert that the tax deed is absolutely null due to the tax collector's failure to provide the constitutionally required notice of seizure and sale. They also assert that subsequent transfers of the property from Marlin d'Augereau to Defendants herein are also null.

On June 8, 2007, a tax deed transferring property to Marlin d'Augereau was filed into the St. Martin Parish conveyance records. The tax deed includes the following language:

> Be it known that I, Ronald J. Theriot, Sherriff and Ex-Officio Tax Collector of the Parish of St. Martin, State of Louisiana . . . BIJEAUX, TROSIMOND CYRIL EST. having been assessed with

the property hereinafter described for the year 2006, the taxes thereon having become delinquent . . . I made out and mailed to SAID BIJEAUX, TROSIMOND CYRIL EST. by registered letter, a notice in conformity with said laws and the said BIJEAUX, TROSIMOND CYRIL EST. failing to pay the amount of taxes, interest, costs, etc., due by him as shown by the said assessment rolls of 2006; I caused to be seized and advertised for sale in the TECHE NEWS in the manner prescribed by law, a weekly newspaper published in the City of St. Martinville, Louisiana, it being the Official Journal of the Parish of St. Martinville. Said advertisement appearing in its issues from the 2 day of May, 2007, to the 30 day of May, 2007, of the following described property, viz:

------------- Parcel – 0610000967 -------------
Value   360    Homestead:
40 AC: BIJEAUX, BIJEAUX, BIJEAUX
COB: 198-502

All of said property being situated in Ward No. 4E in the Parish of St. Martin. The amount of taxes, interest, and costs due on said property by said Tax Debtor is [$117.38.]

And I, the said Ronald J. Theriot, Sherriff and Ex-Officio Tax Collector . . . on the 6 day of June 2007, it being the day for said sale named in said advertisement, and after complying with all formalities, did offer for sale the least quantity of the above-described property that any bidder would buy for taxes, interests and costs. And there being no bidder for less than the whole of said property, and MARLIN d'AUGEREAU . . . bidding the amount of taxes, interest, and costs . . . ($117.38), which amount the said MARLIN d'AUGEREAU paid in cash . . . .

. . . .

Now therefore, I, Ronald J. Theriot, Sherriff and Ex-Officio Tax Collector . . . do hereby grant, bargain, sell, transfer, assign, set over and deliver a full and complete title in the name of the State of Louisiana unto the said Purchaser his heirs and assigns.

The whole of said property which the said BIJEAUX, TROSIMOND CYRIL EST. (Owner) has or had in the same, with the right of the purchaser, MARLIN d'AUGEREAU, to be put in actual possession of said property by order of any court of competent jurisdiction. It, however, being understood and stipulated that . . . the owner of said property may redeem the same at any time within three (3) years from the date of filing this deed [.]

The 2007 tax deed was signed by the "Chief Deputy Tax Collector," and witnessed by two parties. A copy of a certified mail return receipt also appears with the 2007 tax deed in the conveyance records. The return receipt reflects that the sender of the certified parcel was "St. Martin Sherriff's Office Tax Dept.," and that the article was addressed to

> 00906405 BIJEAUX, TROSIMOND CYRIL EST.
> C/O PAULINE BLANCHARD, JR.
> 4412-D MAIN HWY.
> BREAUX BRIDGE, LA 70517

The return receipt was signed by Steven Blanchard on April 9, 2007. Steven testified that Pauline Blanchard is his father, but that Pauline was deceased. According to Steven, his brother, Clarence Blanchard, was handling Pauline's estate as of this date. The date of Pauline's death is unknown, and it is unclear whether Pauline's succession was ever opened. Steven also testified that after he signed for the certified parcel, he gave the envelope to his brother Clarence later in the day. Steven indicated that Clarence is now deceased.

On September 11, 2012, an Act of Cash Sale was recorded into the St. Martin Parish conveyance records reflecting the sale of property in St. Martin Parish to Terry Blanchard and his wife Donna, which is described as follows (emphasis added):

> That certain lot of ground, situated together with all Buildings and improvements thereon situation [sic] in the N1/2 of NE1/4, Sec. 1, T. 9 S, R 6 E, containing 40 acres, more or less, bounded North by Dupuis or assigns, formerly Now a public road, East by Bennet Talley or assigns, South by Alexandre Boyer or assigns and West by Callier or assigns. **Being part of the property acquired by Alton Bijeaux via Sale** recorded under Entry No. 83360, **Book 198, Folio 502. Being then same property acquired by Marlin D'Augereau via Tax Sale recorded on June 10, 2007** under Entry No. 400804, Book 1472, Folio 297.

3

Terry Blanchard indicated that he subsequently donated a portion of the property he acquired to Steven and Amanda Blanchard, and Brandon and Lyndon Sickey. Terry and Donna Blanchard, Steven and Amanda Blanchard, and Brandon and Lyndon Sickey are the defendants in Plaintiffs' action.[1]

In response to Plaintiffs' petition, Defendants filed an exception of prescription, noting La.Const. art. 7 § 25(C), which states (emphasis added):

> No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. . . . **It must be served within five years after the date of the recordation of the tax deed if no notice is given**.

Plaintiffs' petition was filed more than five years after the 2007 tax deed was recorded.

A hearing on Defendants' exception was held on April 21, 2014, before the Honorable Judge James McClelland. Testimony was elicited from Terry Blanchard and his brother Steven Blanchard. Several documents were accepted into evidence, including an instrument recorded in the conveyance records on March 27, 1884, which is written in French, the June 2007 tax deed, the September 2007 sale from Marlin d'Augereau to Terry Blanchard, the 2006 tax assessment roll, and a 1950 deed to Alton Bijeaux appearing at Book 198, Folio 502 in the St. Martin Parish conveyance records.

---

[1] In their petition, Plaintiffs also assert claims regarding a tract of property adjacent to the Trosimond Bijeaux Tract, which they allege to have possessed and maintained with Doris's and her heirs' permission. They refer to this tract as "the Doris Bijeaux Tract." Plaintiffs allege that they had permitted an acquaintance to squirrel hunt on the property, and that they, and the acquaintance, were confronted and threatened by Terry Blanchard and Steven Blanchard. Plaintiffs seek a declaration that this tract is separate from the Trosimond Bijeaux Tract, as well as damages for trespass, infliction of emotional distress, and treble damages and attorney fees for the unlawful felling of timber on both tracts. These claims have not been decided by the trial court and are not before us on review.

As to the 1884 deed, which is written in French, Terry Blanchard testified that it was the original acquisition deed whereby Trosimond Bijeaux "acquired the subject property," and that this instrument is the only deed of record. Judge McClelland then asked, "Is somebody going to interpret that for me?" Defendants' counsel responded, "Miss Jane, as we call her at the Clerk's office, she did that for me last week. We were able to piece some of that together." However, there was no testimony in the record from "Miss Jane," and no English translation of the 1884 deed was presented during the hearing.

On June 20, 2014, Judge McClelland signed a judgment granting Defendants' exception of prescription and dismissing Plaintiffs' claims seeking to nullify the 2007 tax deed.

In his oral reasons for ruling, Judge McClelland stated:

I've reviewed the exhibits that are introduced, and the exhibits, I believe are the tools to this case, and I have to agree with Mr. Thibodeaux's [Defendants' counsel's] assessment. The exhibits that were introduced, even by the plaintiff's [sic] in this matter would seem to indicate that the record owner of this particular tract of 40 acres, more or less, is still Trosimond [Bijeaux], that there is nothing to indicate that it was otherwise.

Judge McClelland later passed away. In May 2015, Plaintiffs filed a motion seeking reconsideration of the ruling granting Defendants' exception of prescription. They asserted that following the original hearing, but prior to the signing of the judgment, they had the 1884 French Deed translated into English, and discovered that the deed did not convey to Trosimond Bijeaux any title to the property that was sold in connection with the June 2007 tax sale.

A hearing on Plaintiffs' motion for reconsideration was held before the Honorable Judge Pro Tempore, Edward Leonard, on June 23, 2015, wherein Judge Leonard denied the motion but allowed the parties to proffer certain evidence into

5

the record. A judgment was signed by Judge Leonard on August 19, 2015, denying Plaintiffs' motion and deeming the June 20, 2014 judgment granting Defendants' exception of prescription as a final judgment for appeal purposes in accordance with La.Code Civ.P. art. 1915.

Plaintiffs appeal. In their sole assignment of error, they state that the trial judge erred in granting Defendants' exception of prescription "because the tax sale is an absolute nullity and not susceptible to prescription." Plaintiffs' focal arguments on appeal are that the tax sale is invalid because the requisite notice to all owners, or the correct owner, was not provided by the tax collector, and, alternatively, the property description in the tax deed is insufficient.

## ANALYSIS

At the outset, we note that at issue before us is only Judge McClelland's 2014 judgment granting Defendants' exception of prescription and the record upon which he based that judgment. On appeal, Plaintiffs do not seek review of the denial of their 2015 motion for reconsideration; therefore, we will not consider any evidence that was proffered by the parties in connection with that motion.

As we stated in *Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043 (citations omitted):

> The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not.

6

Typically, an action seeking to set aside a tax sale for reasons other than payment of taxes must be filed within five years of the date that the tax sale was recorded, if no notice of tax sale was provided. La.Const. art. 7 § 25(C). However, an action seeking to nullify an absolutely null tax sale is *not subject to* a prescription defense; therefore, prescription is inapplicable to such an action. *Smith v. Brooks*, 97-1338, 714 So.2d 735 (La.App. 3 Cir. 4/15/98). It has been held that when a plaintiff states a cause of action for nullity of a tax sale for lack of pre-sale notice, a trial court may properly deny an exception of peremption or prescription. *Harder v. Wong*, 13-1144 (La.App. 1 Cir. 2/18/14) (unpublished opinion). Plaintiffs in the instant case stated such a cause of action.

In the instant case, however, the trial court held an evidentiary hearing in connection with Defendants' exception of prescription. Because, on its face, Plaintiffs' petition seeking absolute nullity of a tax sale is not subject to prescription, it was Defendants' burden to prove the tax sale was not an absolute nullity in connection with *Defendants'* exception.

According to La.Const. art. 7 § 25(A), the 2007 tax deed by the tax collector is *prima facie* evidence that a valid tax sale was made; therefore, since the tax deed was submitted as evidence, the Plaintiffs then carried the burden of proving any defects in the tax adjudication proceedings. *See Smitko v. Gulf South Shrimp, Inc.*, 11-2566 (La. 7/2/12), 94 So.3d 750. If Plaintiffs showed "evidence sufficient to rebut the presumption of regularity," then Defendants had the burden of proving that all requisites for a tax sale were complied with. *Id.* at 758.

> It is well-settled that, under The Fourteenth Amendment to the United States Constitution and La.Const. art. 1 § 2, deprivation of property by adjudication must be preceded by notice and opportunity to be heard appropriate to the nature of the case. . . .

7

In *Mennonite Bd. of Missions v. Adams*, the Supreme Court recognized that the sale of property for nonpayment of taxes is an action affecting a property right protected by the Due Process Clause of the Fourteenth Amendment. 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983). . . . The Supreme Court stated: "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Id.* at 800, 103 S.Ct. at 2712. . . .

Article VII, Section 25(A) of the Louisiana Constitution of 1974 requires the tax collector to provide notice of the tax delinquency and the tax sale to all owners of record of any interest in the property. *Lewis v. Succession of Johnson*, 05-1192 (La. 4/4/06), 925 So.2d 1172; *C & C Energy*, 09-2160, p. 7, 41 So.3d at 1139. In former La.Rev.Stat. 47:2180, which was in effect at the time of the tax sale in this case, the legislature set forth the manner by which notice of delinquencies in immovable property taxes must be provided in compliance with La. Const. art. VII, § 25.

*Id.* at. 755-756.

At the time of the 2007 tax sale at issue, La.R.S. 47:2180[2] provided in part as follows (emphasis added):

A.(1)(a) On the second day after the deadline for payment of taxes each year, or as soon thereafter as possible, **the tax collector shall address to each tax payer who has not paid all the taxes** which have been assessed to him on immovable property or to the record owner of the property for which the taxes are delinquent, **or to the actual owner in the event the record owner is deceased**, written or printed notice in the manner provided for herein that **his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.**

. . . .

B. The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein. . . . After the tax collector shall have completed the service by the notices herein required, either by mail or by personal or domiciliary service,

---

[2] Louisiana Revised Statutes 47:2180 "was repealed by 2008 La. Acts, No. 819, § 2, effective January 1, 2009. Section 1 of Act No. 819 enacted current La.R.S. 47:2153(A) and (B), which generally reproduce the substance of the former statute with certain modifications." *Smitko*, 94 So.3d at 756, fn. 6.

**he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made.** Such proces verbal shall be signed officially by him in the presence of two witnesses and filed, in the parishes other than the parish of Orleans, in the office of the clerk of court for recording and preservation. . . . This proces verbal shall be received by the courts as evidence.

The purpose of the "proces verbal" requirement of La.R.S. 47:2180 "is to create an authenticated record of the actions taken by the tax collector to comply with the notice requirements. Because it is statutorily recognized as evidence of what it purports to be, the form requirements, which in this case are minimal, are, indispensable." *Jamie Land Co., Inc. v. Jones*, 05-1471, p. 4 (La.App. 1 Cir. 6/9/06), 938 So.2d 738, 740, *writ denied*, 06-1735 (La. 10/06/06), 938 So.2d 86.

> By showing that a proces verbal was executed and recorded as required by the law, the defendants could have placed the burden of proof on the plaintiffs to establish that no notice was given. However, in the absence of the proces verbal . . . the defendants had the burden of proving by clear and convincing evidence that the necessary notice was conveyed to the tax debtor.

*Spencer v. James*, 42,168, pp. 7-8 (La.App. 2 Cir. 5/9/07), 955 So.2d 1287, 1292. *See also, Landry v. Beaugh*, 452 So.2d 400 (La.App. 3 Cir.), *writ denied*, 458 So.2d 121 (La.1984).

In the instant case, the record contains a copy of the 2007 tax deed in question; however, there is no evidence of a proces verbal filed in accordance with La.R.S. 47:2180(B). Thus, Defendants had the burden of proving by clear and convincing evidence that the requisite notice was sent to all owners of the property. There is insufficient evidence to satisfy that burden.

The tax deed includes only a return receipt showing that a certified parcel was received by Steven Blanchard. The tax deed does not indicate that the pre-sale notice of tax delinquency included a statement informing the owner(s) that the

9

taxes were delinquent and that the property would be sold if the taxes were not paid, as is "clearly required by La. Const. Art. VII, § 25(A) and the Due Process Clauses of both the federal and state constitutions[.]" *Hamilton v. Royal Intern. Petroleum Corp.*, 05-846, p. 7 (La. 2/22/06), 934 So.2d 25, 31. A tax deed generally stating that notice was given according to law, with no copies of the notice itself showing it met the requirements of La. R.S. 47:2180, has been held to be insufficient proof to establish that notice required by La.R.S. 47:2180 was provided. *See Spencer*, 955 So.2d 1287, and *Wong*, 2013-1144.

We also note that there is insufficient evidence establishing that Trosimond was the sole owner of the subject property prior to his death. Plaintiffs take issue with the trial judge's apparent conclusion that the 1884 document written in French, which was submitted by Defendants at the exception hearing, transferred title in the subject property to Trosimond Bijeaux. We agree with Plaintiffs that it was error for the trial judge, who admitted he did not speak French, to make any factual findings with respect to the 1884 document, when no English translation of the document was submitted into evidence.

Even if Trosimond had been the sole owner of the property prior to his death, there is no evidence in the record establishing that Pauline Blanchard Jr., Steven Blanchard, and/or Clarence Blanchard were proper persons, or the only required persons, to whom a notice of tax delinquency was required to be sent. There is no indication that Trosimond's succession was opened, that Pauline was appointed as the legal representative of Trosimond's succession, that Pauline was Trosimond's only heir, or that Pauline was entitled to accept notice on behalf of any other heirs. There is also no evidence establishing that Pauline's succession was opened, or that Clarence was entitled to receive the notice on Pauline's behalf.

In addition, there is no indication in the record as to when Trosimond died, or whether he died testate or intestate, which is necessary information to determine the parties who received his property interest after his death and who should have received notice of the tax delinquency. Louisiana Revised Statutes 47:2180(a) requires that notice be sent to the "actual owner" of the property in the event the record owner is deceased. A notice of tax delinquency mailed to a deceased property owner's estate has been held to be insufficient. *Lewis v. Succession of Johnson*, 925 So.2d 1172.

It is necessary to look at the laws applicable to successions to determine who should be deemed actual owners of Trosimond's property following Trosmiond's death. Succession rights are governed by the law in effect on the date of the decedent's death. La.Civ.Code. art. 870. *See also*, *Breaux v. Cozy Cottages*, *LLC*, 14-597 (La.App. 3 Cir. 11/12/14), 151 So.3d 183. If there are multiple parties deemed to be owners of Trosmiond's property following his death, "the absence of notice to each co-owner is fatal to the tax sale." *Lewis v. Succession of Johnson*, 925 So.2d at 1179. However, the evidence is insufficient to establish the identity of the parties to whom Trosimond's property was transmitted following his death, and therefore it is unknown from the record who was entitled to notice of the tax sale.

Finally, we address the sufficiency of the tax deed's description of the property sold, which was stated as "40 AC: BIJEAUX, BIJEAUX, BIJEAUX[;] COB: 198-502. . . . All of said property being situated in Ward No. 4E in the Parish of St. Martin[,]" and which identifies the parcel number as "0610000967."

> A tax sale that contains a property description so vague that the property to be sold cannot be identified is no sale and the peremptive periods specified in the constitution do not apply. *Yuges Realty v.*

11

*Jefferson Parish Developers*, 205 La. 1033, 18 So.2d 607 (La.1944). However, when the property description in a tax assessment or tax deed, although imperfect, is reasonably sufficient to identify the property or furnishes the means for identification, the constitution's peremptive period will cure any irregularities in the assessment or sale. [*Id*].

. . . . If the assessment has a defective property description, then evidence outside the assessment or tax deed may be used to identify the property, **provided such evidence unmistakably establishes the identity of the property**. *Hubbs v. Canova*, 401 So.2d 962 (La.1981). The question is whether the description would enable an interested party to identify the property sought to be assessed and conveyed. [*Id*].

*Webb v. State, Dept. of Natural Resources*, 50,492, p. 5 (La.App. 2 Cir. 4/13/16), 194 So.3d 41, 45 (emphasis added).

The property description contained in the tax deed does not identify the location of the property, other than generally being located in Ward 4E of St. Martin Parish. However, the deed does refer to the tax assessor's parcel number, 0610000967. The 2006 tax assessment roll in evidence assesses this parcel number to "Bijueax Trosimond Cyril Est. c/o Pauline Blanchard Jr" and provides the following property description:

4E 0610000967 4[] S001-T09S-R06E
40 AC: Bijeaux, Bijeaux, Bijeaux
COB: 198-502

However, it is unclear from the 2006 tax roll where within "S001-T09S-R06E" the "40AC: Bijeaux, Bijeaux, Bijeaux" property is located. The reference appearing in both the 2006 tax roll and the 2007 tax deed to "COB: 198-502" also does not "unmistakably establish" the identity of the property. The document appearing at Book 198, folio 502 in the St. Martin Parish Records is a 1950 deed from John Bijeaux to Alton Bijeaux, and transfers to Alton Bijeaux 81.6 acres of property located in "N1/2 of NE1/4, Sec. 1, T. 9 S. R. 6 E," of St. Martin Parish,

12

that is "bounded North by Dupuis, formerly[,] now a public road, East by Bennet Talley, South by Alexander Boyer and West by Callier or assigns." It is unclear whether the property described as "40 AC: Bijeaux, Bijeaux, Bijeaux" is part of the 81.6 acres acquired by Alton Bijeaux, and, even assuming that it is, it is unclear where that property is located within the 81.6 acres. In addition, the fact that the 1950 deed does not convey property to or from Trosimond Bijeaux, also creates uncertainty in the identity of the property being described.

Defendants suggest in their brief to this court that the "Tax Assessor's records would also include a complete aerial of the subject property which will unmistakably establish the identity of the property." However, the 2006 tax assessment roll in the record does not include any such aerial. While a 2013 parcel report dated October 29, 2013, and referencing parcel number 0610000967, appears in the record and has an aerial photograph attached, the property description for the parcel number varies from the property description in the 2006 tax assessment of the same parcel number, thereby also creating an uncertainty in the property described in the 2006 tax assessment and 2007 tax deed.[3]

Defendants presented insufficient evidence in connection with the hearing on their prescription exception to show that the 2007 tax sale to Marlin d'Augerau was valid, thus, the trial court was manifestly erroneous in granting Defendants' exception and dismissing Plaintiffs' claims.

## CONCLUSION

---

[3] The 2013 parcel report describes the property as:

40 AC (more or less): Public Road, Talley, Boyer, Caillier (Being situated in the N/2 of the NE/4 of Sec. 1 T9S R6E) COB: 98-111-47509 198-502-83360 824-742-195585 1019-770-237114 1472-297-400804 1628-243-459494 1645-780-465868 1647-058-466330

For the reasons set forth herein, we reverse the trial court's 2014 judgment granting Defendants' exception of prescription and dismissing Plaintiffs' claim seeking to nullify the 2007 tax sale. We remand the matter for further proceedings.

**REVERSED AND REMANDED.**