NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 22-97

CHARLES FREEMAN

VERSUS

SANDRA NOBLE, ET AL.

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 78,388-A
HONORABLE GARY J. ORTEGO, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie, Judges.

REVERSED AND REMANDED.

**C. Sherburne Sentell, Jr.**
**111 North Monroe Street**
**P. O. Box 875**
**Minden, LA 71058-0875**
**(318) 377-0123**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Charles Freeman**

**Robert Manuel**
**1004 Theophile Road**
**Ville Platte, LA 70586**
**DEFENDANT APPELLEE:**

**Sandra Noble**
**P.O. Box 1247**
**Cypress, TX 77410**
**DEFENDANT APPELLEE:**

**Sarah O'Quinn Sivers**
**P.O. Box 737**
**Lecompte, LA 71346**
**DEFENDANT APPELLEE:**

**Devon W. O'Quinn**
**1140 O'Quinn Loop**
**St. Landry, LA 71367**
**DEFENDANT APPELLEE:**

**EZELL, Judge.**

Charles Freeman appeals the decision of the trial court granting exceptions of prescription in favor of Defendants Robert Manuel, Sandra Noble, Sarah O'Quinn Sievers, and Devon W. O'Quinn, in this matter concerning Mr. Freeman's attempt to annul a Sheriff's tax sale of land. For the following reasons, we hereby reverse the decision of the trial court.

Mr. Freeman filed the current suit to annul four tax sales of his property that all occurred prior to 2009. He claimed the sales were absolute nullities due to lack of proper service prior to the sales. Defendants had all bought interests in his property via the various tax sales. One Defendant, Mr. Manuel, filed pro se exceptions of prescription and non-joinder. Though he was not an attorney, Mr. Manuel's exceptions indicated that all Defendants raised the exceptions, though only he signed the exceptions. All parties and the trial court agreed that because he was not an attorney, Mr. Manuel could not represent the other Defendants and that he did not file pleadings on their behalf. No other Defendant filed an answer, nor any other pleading.

A hearing was eventually held on the exceptions. Mr. Manuel, Ms. Noble, and Mrs. Sievers attended, and Mr. O'Quinn did not. There, the trial court called forth Ms. Noble and Mrs. Sievers and asked them if they adopted Mr. Manuel's pleadings. They indicated that they did. The trial court then granted the exception of prescription in favor of all four Defendants, including Mr. O'Quinn, who had not attended or raised the exception. From that decision, Mr. Freeman appeals.

Mr. Freeman asserts eleven assignments of error, which can all be summarized into two basic arguments: that the trial court erred in granting the exceptions of prescription as to Ms. Noble, Mrs. Sievers, and Mr. O'Quinn, who

either orally raised the exception, or did not at all; and that the trial court erred in granting Mr. Manuel's exception of prescription, where he alleged the sales were absolutely null and, therefore, imprescriptible. We agree with Mr. Freeman.

We will first address Mr. Freeman's arguments regarding Ms. Noble, Mrs. Sievers, and Mr. O'Quinn. An exception of prescription presented only in argument either orally or in writing in a memorandum or brief is not contemplated by the Louisiana Code of Civil Procedure. *Rapp v. City of New Orleans*, 95-1638, (La.App. 4 Cir. 9/18/96), 681 So.2d 433, *writ denied*, 96-2925 (La. 1/24/97), 686 So.2d 868; *Tucker v. Louisiana Dep't. of Revenue and Taxation*, 96-2740, (La.App. 1 Cir. 2/20/98), 708 So.2d 782. Louisiana Code of Civil Procedure Article 924 provides, in pertinent part, "All exceptions shall comply with Articles 853, 854, and 863[.]" "A reading of Articles 853, 854, and 863 indicates that a written exception is required." *Rapp*, 681 So.2d at 457; *Johnson v. Hardy*, 98-2282 (La.App. 1 Cir. 11/5/99), 756 So.2d 328. Further, Louisiana Code of Civil Procedure Article 863(A) requires that a "party who is not represented by an attorney shall sign his pleading and state his physical address and email address, if he has an email address, for service of process."

Ms. Noble, Mrs. Sievers, and Mr. O'Quinn all failed to file formal exceptions of prescription with either the trial court or this court. In fact, none of those defendants have filed an answer or any other pleadings in this matter. Ms. Noble and Mrs. Sievers attempted to raise the exception orally at trial, but only after being prompted to do so by the trial court, when it directly asked them if they adopted Mr. Manuel's pleadings. Furthermore, Mr. O'Quinn did not even show up for the hearing, so he did not even endeavor to orally raise the exception, which was completely provided for him by the trial court. However, "the court may not

2

supply the objection of prescription, which shall be specially pleaded." La.Code Civ. Proc. art. 927(B).

It is clear that the trial court was well intentioned and attempting to help pro se defendants navigate their day in court. However, because no written exception urging prescription has been raised on behalf of Ms. Noble, Mrs. Sievers, or Mr. O'Quinn, the issue of whether Mr. Freeman's claims against them have prescribed was not properly before the trial court in the first place. Thus, the trial court erred in raising and then sustaining the exceptions as to the claims against Ms. Noble, Mrs. Sievers, and Mr. O'Quinn. Accordingly, the trial court's judgment is reversed with respect to Mr. Freeman's claims as to these three Defendants.

Finally, Mr. Freeman claims that the trial court erred in granting the exception of prescription as to Mr. Manuel, when he alleged improper service prior to the tax sales at issue, which would have rendered the sales absolutely null and, therefore, imprescriptible. We agree.

An action seeking to nullify a tax sale alleged to be absolutely null is not subject to a prescription defense. *Smith v. Brooks*, 97-1338, 714 So.2d 735 (La.App. 3 Cir. 4/15/98). When a plaintiff states a cause of action for nullity of a tax sale for lack of pre-sale notice, a trial court may properly deny an exception of peremption or prescription. *Harder v. Wong*, 13-1144 (La.App. 1 Cir. 2/18/14) (unpublished opinion). In this case, Mr. Freeman had stated that exact cause of action. "Because, on its face, Plaintiffs' petition seeking absolute nullity of a tax sale is not subject to prescription, it was Defendants' burden to prove the tax sale was not an absolute nullity in connection with *Defendants*' exception." *Stelly v. Blanchard*, 16-250, p.7 (La.App. 3 Cir. 10/19/16), 207 So.3d 557, 562.

It is well-settled that, under the Fourteenth Amendment to the United States Constitution and La. Const. art. I, § 2, deprivation of property by adjudication must be preceded by notice and opportunity to be heard appropriate to the nature of the case. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652 (1950); *Tietjen v. City of Shreveport*, 09-2116 (La. 5/11/10), 36 So.3d 192. In *Mullane*, the Supreme Court established that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657.

In *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, (1983), the United States Supreme Court recognized the sale of property for nonpayment of taxes is an action affecting a property right protected by the Due Process Clause of the Fourteenth Amendment. In *Mennonite*, the Supreme Court stated: "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Id*. at 462 U.S. at 800, 103 S.Ct. at 2712.

The law controlling the payment and collection of property taxes, tax sales, and of particular interest here, the manner by which the requisite constitutional notice is effected in Louisiana, was substantively changed by the legislature in 2008 by La. Acts, No. 819, effective January 1, 2009. *Cent. Props. v. Fairway Gardenhomes, LLC*, 16-1855, 16-1946 (La. 6/27/17), 225 So.3d 441. It is the language of the law in effect at the time of the tax sales that applies to this sale. *Id*.

4

All of the sales at issue occurred prior to the 2009 revision. Therefore, it is the language of the former La.R.S. 47:2180 which we consider today.

Under the provisions of the former La.R.S. 47:2180, the tax collector was to give each taxpayer who has not paid all the taxes which have been assessed to him on immovable property a written notice specifying that the taxes are delinquent, the amount of taxes due, and the manner in which the property may be redeemed. Of particular importance were the provisions of La.R.S. 47:2180(B), which stated in pertinent part:

> The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein . . . . In the event the certified notice is returned as being undeliverable by the post office, the tax collector may comply with Article 7 Section 25 of the Constitution of Louisiana and the provisions of this Section by advertising the tax debtor's property in the advertising required for unknown owners in Subsection C of this Section. After the tax collector shall have completed the service by the notices herein required, either by mail or by personal or domiciliary service, he shall make out a proces verbal stating therein the names of the delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. Such proces verbal shall be signed officially by him in the presence of two witnesses and filed, in the parishes other than the parish of Orleans, in the office of the clerk of court for recording and preservation. . . . This proces verbal shall be received by the courts as evidence.

The purpose of the "proces verbal" requirement of La.R.S. 47:2180 "is to create an authenticated record of the actions taken by the tax collector to comply with the notice requirements. Because it is statutorily recognized as evidence of what it purports to be, the form requirements, which in this case are minimal, are indispensable." *Jamie Land Co., Inc. v. Jones*, 05-1471, p. 4 (La.App. 1 Cir. 6/9/06), 938 So.2d 738, 740, *writ denied*, 06-1735 (La. 10/6/06), 938 So.2d 86.

> By showing that a proces verbal was executed and recorded as required by the law, the defendants could have placed the burden of proof on the plaintiffs to establish that no notice was given. However,

5

> in the absence of the proces verbal . . . the defendants had the burden of proving by clear and convincing evidence that the necessary notice was conveyed to the tax debtor.

*Spencer v. James*, 42,168, pp. 7-8 (La.App. 2 Cir. 5/9/07), 955 So.2d 1287, 1292. See also, *Landry v. Beaugh*, 452 So.2d 400 (La.App. 3 Cir.), *writ denied*, 458 So.2d 121 (La.1984).

The evidence in the record consists only of the Defendants' testimonies that they paid taxes *after* the tax sales and copies of four tax deeds in question. However, there is no evidence whatsoever of either notice to Mr. Freeman by certified mail or in person, or of a proces verbal filed in accordance with La.R.S. 47:2180(B).

The tax deeds in the record all bear the same meager language that the Sheriff "fulfilled and complied with all previous legal requisites," though they do not indicate if or how pre-sale notice of tax delinquency was made, or that the property at issue would be sold if the taxes were not paid, as is "clearly required by La. Const. Art. VII, § 25(A) and the Due Process Clauses of both the federal and state constitutions[.]" *Hamilton v. Royal Intern. Petroleum Corp.*, 05-846, p. 7 (La. 2/22/06), 934 So.2d 25, 31, *cert. denied*, 549 U.S. 1112, 127 S.Ct. 937 (2007). A tax deed generally stating that notice was given according to law, with no copies of the notice itself showing it met the requirements of La. R.S. 47:2180, has been held to be insufficient proof to establish that notice required by La.R.S. 47:2180 was provided. *See Spencer*, 955 So.2d 1287, and *Wong*, 13-1144. Here, the tax deeds themselves are insufficient proof that notice was sent to Mr. Freeman by certified mail, that notice was addressed to the correct party, or that notice was sent to the correct address.

Thus, Mr. Manuel had the burden of proving by clear and convincing evidence that the requisite notice was sent to Mr. Freeman. Based on the record before us, there is insufficient evidence to satisfy that burden, as there is no evidence of proper statutory service being provided to Mr. Freeman at all. Likewise, there is no evidence of the statutorily required proces verbal. Accordingly, the trial court erred in granting Mr. Manuel's exception of prescription.

For the above reasons, we reverse the judgment of trial court granting exceptions of prescription and remand the matter for further proceedings.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.